**YAMAHA CORPORATION OF AMERICA, Plaintiff–Appellee,**

v.

**STONECIPHER'S BALDWIN PIANOS & ORGANS, INC., Donald H. Stonecipher and H.B. Stonecipher, Defendants–Appellants.**

No. 91–5724.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 14, 1992.

Decided Sept. 17, 1992.

Franklin D. Drake (briefed), Elizabeth L. Thompson, Mapother & Mapother, Louisville, Ky., for plaintiff-appellee.

J. Montjoy Trimble (briefed), Trimble & Bowling, Lexington, Ky., for defendants-appellants.

* Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

Before: MILBURN and RYAN, Circuit Judges; and ZATKOFF,* District Judge.

ZATKOFF, District Judge.

Defendants–Appellants, Donald Stonecipher, Brett H.B. Stonecipher and Stonecipher's Baldwin Pianos & Organs, Inc. (collectively the defendants) appeal the district court's order granting Plaintiff–Appellee Yamaha Corporation's (plaintiff) motion for summary judgment. This appeal presents only a narrow issue of procedural law that is governed by our previous unambiguous holdings. For all of the reasons stated below, we hold that the Federal Rules of Civil Procedure allow district courts to provide by local rule that, in the absence of a request for oral argument, motions for summary judgment may be decided on the briefs alone.

I.

Plaintiff filed suit against defendants to recover payments due under a commercial financing agreement. Defendants did not dispute their contractual liability, but maintained that the amount owed was substantially less than claimed.

Subsequently, plaintiff filed a motion for summary judgment as to liability and damages. Defendants filed a timely response to plaintiff's motion, as well as a counteraffidavit of defendant-Donald Stonecipher. None of the parties requested a hearing and none was ordered by the district court.

The district court granted plaintiff's motion on the issue of liability, but denied judgment as to damages. The district court concluded that genuine issues of material fact existed regarding the exact amount owed by defendants.

Counsel for plaintiff then deposed defendant-H.B. Stonecipher as an officer of the corporate defendant on the issue of damages. Based upon admissions made in the deposition testimony, on March 22, 1991, plaintiff renewed its motion for summary judgment on the issue of damages. Defendants did not file a response brief or coun-

ter-affidavits, and did not request oral argument. On April 11, 1991, twenty days after plaintiff's motion was filed, the district court granted summary judgment in favor of plaintiff on the issue of damages.

Defendants moved to set aside the court's entry of summary judgment. Defendants argued, as they do now on appeal, that the court's disposition of plaintiff's renewed motion was premature and contrary to Fed.R.Civ.P. 56(c), which states that a motion for summary judgment "shall be served at least 10 days before the time fixed for a hearing [and] [t]he adverse party prior to the day of the hearing may serve opposing affidavits." Defendants argue that this language requires district courts, at a minimum, to schedule hearings on summary judgment motions, regardless of whether a party has requested a hearing. Consequently, defendants argue that the Eastern District of Kentucky Local Rule 6(e), which requires one of the parties to request a hearing on a motion or otherwise waive the right to a hearing, is inconsistent with Rule 56(c), and thus void under Fed.R.Civ.P. 83 (local rules must be consistent with the Federal Rules of Civil Procedure). The district court denied defendants' motion. This appeal resulted.

## II.

Defendants' claim implicates Rule 78 of the Federal Rules of Civil Procedure, which provides:

> To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

The unambiguous language of Rule 78 specifically contemplates and authorizes the enactment of Eastern District of Kentucky Rule 6(e). Moreover, our clear holdings in past cases similarly support the legitimacy of such local rules. Therefore, defendants' claim on appeal must be seen as an effort to have this court reverse well-settled principles of procedural law or to have this court declare Rule 78 of the Federal Rules of Civil Procedure unconstitutional. Neither is legally justifiable.

In *Kendall v. Hoover*, 751 F.2d 171 (6th Cir.1984), we considered whether Local Rule 3 of the Northern District of Ohio was inconsistent with Rule 56(c). The Local Rule provided that "[m]otions in general, shall be submitted and determined upon the motion papers hereafter referred to. Oral arguments of motions will be permitted on application and proper showing." We upheld the local rule, specifically relying on a previous decision in *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir.1975).

In *Dayco*, we held that Fed.R.Civ.P. 83, in combination with Rules 56(c) and 78, "authoriz[ed] district courts to provide by rule that a party desiring oral argument on a motion for summary judgment must apply therefor, in the absence of which oral argument will be deemed to have been waived." *Id.* at 391 (quoting *Dredge Corp. v. Penny*, 338 F.2d 456, 461–62 (9th Cir. 1964)). Our analysis was concise and unequivocal.[1]

Our previous cases make it clear that Rule 78 and local rules enacted pursuant to Rule 78 show no infirmities, constitutional or otherwise, even when viewed against the backdrop of Rules 56(c) and 83 of the Fed-

---

**1.** We note that a district court may decide to forego oral argument on motions for any number of sound judicial reasons. For example, as stated clearly in Rule 78, it may be more expeditious to resolve some motions without the administrative complications associated with hearings. By foregoing oral argument, district courts can effectively manage very crowded case dockets.

Many times the legal issues are abundantly clear and so firmly settled so as to make oral argument completely unnecessary. Also, the submission and determination of a motion on the briefs encourages improved brief writing, which is always essential to a fair determination of a motion.

Ruling on the briefs without oral argument forces the parties to focus and concentrate on the real and disputed legal issues. It also forces the parties to thoroughly research the legal basis on which their positions rest. In addition, foregoing oral argument on selected cases permits the court to exercise pretrial management of the case and to move quickly to resolve disputes and reduce the costs to the parties consistent with the Civil Justice Reform Act of 1990.

eral Rules of Civil Procedure. Simply stated, in light of our clear and relatively recent holdings in similar, almost exact, cases, we conclude that defendants' claim lacks merit and hold that Local Rule 6(e) of the Eastern District of Kentucky is not inconsistent with any procedural rules, including the Federal Rules of Civil Procedure.

### III.

For all of the foregoing reasons, the district court's order granting summary judgment in favor of the plaintiff-appellee is AFFIRMED.