4 F.3d 994
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond SCHENTUR and Jo Ann Schentur, Plaintiffs-Appellants
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-3605.
 United States Court of Appeals, Sixth Circuit.
 Aug. 30, 1993.
 
 Before NELSON and NORRIS, Circuit Judges, and FRIEDMAN, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from an order granting defendant's motion for summary judgment. Plaintiffs brought an action seeking refunds for income tax overpayments for the years 1981, 1982, 1983 and 1984. Defendant filed a motion for summary judgment, arguing that plaintiffs were barred from obtaining refunds by the three-year statute of limitations, as set forth in 26 U.S.C. Sec. 6511(b)(2)(A). The district court granted the motion, finding no genuine issue of material fact as to when the tax returns were filed. The district court also granted summary judgment on plaintiffs' claim that 26 U.S.C. Secs. 6502 and 6511 are unconstitutional.[1] After a de novo review, we affirm.
 
 I.
 
 2
 Plaintiffs Raymond and Jo Ann Schentur are taxpayers who filed joint income tax returns for the years 1981, 1982, 1983 and 1984. They overpaid their income taxes for 1981, 1982 and 1983 by $9,345, $4,921 and $5,933, respectively, and claim that they are entitled to refunds for these amounts. Plaintiffs also claim that they are entitled to $11,072 on their 1984 return as a credit for overpayment made in 1983.[2] Plaintiffs requested refunds of these overpayments from the Internal Revenue Service. The IRS denied the requests on the grounds that the claims were untimely.
 
 
 3
 Generally, a claim for credit or refund of an overpayment of any tax must be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later. 26 U.S.C. Sec. 6511(a). The filing of a federal income tax return may be treated as a claim for refund. 26 C.F.R. Sec. 301.6402-3(a)(5). However, even when a claim for overpayment is timely made, a taxpayer is not necessarily entitled to a refund. Section 6511(b)(2)(A) limits the amount that a taxpayer may recover to overpayments made within the three years prior to the request for the refund, plus additional time for any extensions that were granted. Payments of estimated tax and payments of taxes withheld from wages are deemed made on the due date of the return for that year, without regard to extensions; i.e., April 15 of the following year. 26 U.S.C. Sec. 6513(b). Thus, for plaintiffs to be entitled to refunds, they were required to file their returns within three years of the original April 15 due dates, plus extensions. Because the returns for 1981, 1982 and 1983 were received on February 28, 1989, defendant argues that they were untimely.
 
 
 4
 Both parties agree that for the 1981 tax year, plaintiffs overpaid their taxes by $9,345, as a result of estimated taxes and wage withholdings. For 1981, plaintiffs obtained a sixty-one-day extension for filing their return, making it due June 15, 1982. Plaintiffs concede that they did not meet this deadline, but claim that they filed their 1981 return by April 15, 1985, within the three-year statute of limitations. Because of the sixty-one-day extension, the statute of limitations deadline was actually June 15, 1985. The return was date-stamped as received by the IRS on February 28, 1989. Plaintiffs did not date the return themselves, and the envelope was not saved by the IRS, so the postmark was not available as evidence. The IRS denied plaintiffs' refund request as untimely in a letter dated May 16, 1989.
 
 
 5
 As for tax year 1982, the parties agree that plaintiffs overpaid by $4,921. That year, plaintiffs obtained an extension for filing their tax return, making it due on August 15, 1983. Plaintiffs did not file their return by this extended deadline, but claim that they did file it by April 15, 1986, within the three-year statute of limitations. Because of the extension, the statute of limitations for filing actually did not expire until August 15, 1986. Again, the IRS date-stamp indicates that this return was received on February 28, 1989. However, the envelope was not saved by the IRS, so the postmark was not available as evidence. Contrary to their current contention that the return was filed by April 15, 1986, plaintiffs dated their own return "4/10/87." The IRS denied plaintiffs' refund request as untimely in a letter dated May 11, 1989.
 
 
 6
 Regarding the 1983 tax year, both parties agree that plaintiffs overpaid by $5,933. For 1983, plaintiffs again obtained an extension for filing their tax return, making it due on August 15, 1984. Plaintiffs did not file their return by this extended deadline, but claim that they did file it by April 15, 1987, within the three-year statute of limitations. Because of the extension, the statute of limitations deadline was actually August 15, 1987. The IRS received two identical copies of the 1983 return. One is date-stamped as received by the IRS on January 30, 1989, the other February 28, 1989. Plaintiffs allege that they gave their 1983 tax information to an accountant, Barry Siegel, and that Siegel mailed the return on April 15, 1987. However, Siegel did not sign or date the 1983 tax returns. Plaintiffs dated their own 1983 tax return by signing the signature line with the date "4/10/87." The envelope was not saved by the IRS, so the postmark was not available as evidence. The IRS denied their refund request as untimely in a letter dated May 11, 1989.
 
 
 7
 Both parties agree that there was no overpayment for the 1984 tax year. Unlike the other years at issue here, there is no dispute as to the filing date for 1984. Plaintiffs obtained an extension for filing their return, making it due August 15, 1985. This deadline was not met; the return was signed, dated and mailed on April 15, 1988, and received at the IRS on April 18, 1988. This filing was timely since the statute of limitations period did not expire until August 15, 1988. However, plaintiffs argue that the $3,278 penalty they were assessed was improper. They contend that if their 1983 overpayment had been credited to their 1984 tax liability, they would have made an overpayment for the 1984 tax year. The IRS, however, argues that the 1983 overpayment was not credited to the 1984 tax liability because the claim for 1983 was untimely. Thus, the IRS contends that the penalty assessed against plaintiffs for 1984 was proper.
 
 
 8
 Plaintiffs filed a complaint in federal district court, seeking refunds for each of the years in question. Defendant filed a motion for summary judgment on the grounds that the taxpayers were barred from obtaining refunds by the three-year statute of limitations. The district court granted the motion for summary judgment, and this appeal followed.
 
 
 9
 At oral argument before this court, defendant argued that the affidavits produced by plaintiffs were insufficient to establish their claim because the only ways to establish delivery to the IRS are a postmark or a certified or registered mail receipt. The court invited supplemental briefs on this issue, and each side has filed a letter brief.
 
 II.
 
 10
 On appeal, plaintiffs argue that the district court erred in granting summary judgment because a genuine issue of material fact remained as to when the returns were filed. Plaintiffs also contend that summary judgment was improper because discovery and oral argument were not permitted by the district court. In addition, plaintiffs argue that 26 U.S.C. Secs. 6502 and 6511 are unconstitutional denials of due process and equal protection because they give the IRS six years to collect taxes due but taxpayers only three years to claim a refund.
 
 A.
 
 11
 Plaintiffs argue that summary judgment was improper because a genuine question of material fact existed as to when the returns were filed. Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if:
 
 
 12
 the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law....
 
 
 13
 In responding to a properly supported summary judgment motion, the burden is on the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine dispute as to any material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).[3] Viewing the evidence "in the light most favorable to the opposing party," Adickes v. S.H. Kress Co., 398 U.S. 144, 157 (1970), summary judgment should be entered if the evidence is such that a reasonable fact-finder could not find for the non-moving party. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478-80 (6th Cir.1989).
 
 
 14
 In response to the motion for summary judgment, plaintiffs submitted affidavits from Ronald Schentur, Jo Ann Schentur and Ronald Schentur's secretary, Judith Metzler. The Schenturs both stated that the returns for 1981 through 1984 were mailed before April 15, 1985, April 15, 1986, April 15, 1987, and April 15, 1988, respectively. In addition, Metzler stated that she personally delivered tax documents for 1983 to plaintiffs' accountant, Barry Siegel, for preparation before April 15, 1987, and that Siegel later told her that he had timely filed the return for 1983. Plaintiffs also submitted an affidavit from Siegel. Plaintiffs stated that they intended to offer this affidavit at the motion hearing, but the district court granted the motion for summary judgment without oral argument. In his affidavit, Siegel states that he prepared each of the returns at issue, and that each was ready for filing within three years of its original due date. In addition, he states that he filed the 1983 return himself before April 15, 1987.
 
 
 15
 Plaintiffs also submitted information that during the mid-1980s, the IRS was having problems with the processing and destruction of taxpayers' returns and correspondence at some of its service centers. Plaintiffs supported this claim with a list of newspaper and magazine articles and congressional hearings.
 
 
 16
 In granting summary judgment for defendant, the district court found that while the actual dates that plaintiffs filed their tax returns were facts material to the outcome of this case, they were not genuinely in issue. The court reasoned that plaintiffs' own averments were insufficient to create an issue for trial, noting that they did not use registered or certified mail, which would have provided a date-stamp for proof.
 
 
 17
 At one time, the general requirement was the "physical delivery rule," which provided that filing is "not complete until the document is delivered and received." Miller v. United States, 784 F.2d 728, 730 (6th Cir.1986) (quoting United States v. Lombardo, 241 U.S. 73, 76 (1916)). In 1954, Congress added Sec. 7502 to the tax code to alleviate inequities caused by the mail delivery in some parts of the country. Miller, 784 F.2d at 730. Section 7502 creates two exceptions to the physical delivery rule. First, if any return is required to be filed by a certain date, and is received after that date, the date of the United States postmark shall be deemed the date of delivery. Second, if a document is sent by registered or certified mail, such registration or certification shall be prima facie evidence that the document was delivered on the date of the postmark.[4] This court has held that these two exceptions to the physical delivery rule are the only exceptions. Surowka v. United States, 909 F.2d 148, 150 (6th Cir.1990); Miller, 784 F.2d at 731.
 
 
 18
 Here, plaintiffs do not meet either exception. The postmarks from the returns were destroyed and are not available as evidence. Moreover, plaintiffs did not use registered or certified mail to file their returns. Thus, without looking to the affidavits,[5] the returns were filed as a matter of law when they were actually received by the IRS on February 28, 1989. Under the three-year statute of limitations, the returns were due on June 15, 1985, August 15, 1986, and August 15, 1987, respectively. Because the returns were filed after the expiration of the statute of limitations, plaintiffs' claims are barred.[6]
 
 B.
 
 19
 Second, plaintiffs argue that the district court erred in granting summary judgment before discovery was completed and without oral argument. Summary judgment is improper when there has not been sufficient opportunity for discovery. United Auto Workers, Local 594 v. International Union, UAW, 956 F.2d 1330, 1337 (6th Cir.1992). Here, plaintiffs' claims fail as a matter of law since they do not meet either exception to the physical delivery rule. Further discovery could not assist plaintiffs in presenting their claims.[7]
 
 
 20
 Plaintiffs also argue that the district court erred in granting the motion without oral argument. Plaintiffs cite no authority requiring that oral argument be heard on all summary judgment motions. To the contrary, this court has stated that district courts may dispense with oral argument on motions for "any number of sound judicial reasons." See Yamaha Corp. of America v. Stonecipher's Baldwin Pianos & Organs, 975 F.2d 300, 301, n. 1 (6th Cir.1992). Fed.R.Civ.P. 78 provides in part: "To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." Under Local Rule 8:8.1(g) of the United States District Court for the Northern District of Ohio, the district court may decide motions without oral argument so long as the time for filing a response has expired.
 
 
 21
 Here, the district court acted within its authority in deciding the motion without oral argument. Not only had the time for filing a response expired, but plaintiffs had, in fact, filed responses before the motion was decided.
 
 
 22
 Plaintiffs also argue that the order granting summary judgment without oral argument was improper because they were denied an opportunity to testify under oath on their own behalf. However, the court considered their sworn affidavits, which are given the same consideration as live testimony. Thus, the absence of oral argument did not deprive plaintiffs of the opportunity to present their case. The district court's decision to forego oral argument was not improper.
 
 C.
 
 23
 Finally, plaintiffs argue that the district court erred in granting summary judgment for defendant on their claim that 26 U.S.C. Secs. 6502 and 6511 are unconstitutional. Plaintiffs contend that these sections violate due process and equal protection because the IRS has six years[8] to collect income taxes due, but taxpayers have only three years after the taxes are paid to claim a refund. The district court found that plaintiffs' claim was barred under the doctrine of sovereign immunity.
 
 
 24
 Like the district court, we are precluded from reaching the merits of plaintiffs' claim. Under the doctrine of sovereign immunity, the United States is immune from suit except where it consents to be sued. United States v. Dalm, 494 U.S. 596, 608 (1990). A waiver of sovereign immunity must be unequivocally expressed by Congress. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). Congress has set forth the terms upon which the government waives its immunity from suits for tax refunds. 26 U.S.C. Secs. 6511, 7422. One of those terms is the statute of limitations period for filing a claim for a refund. Dalm, 494 U.S. at 608.
 
 
 25
 Here, plaintiffs' refund claims were untimely as a matter of law. Thus, plaintiffs have not complied with the terms of consent, and sovereign immunity has not been waived. Because the United States is immune from this claim, plaintiffs have failed to state a valid cause of action. Therefore, summary judgment was proper on plaintiffs' constitutional claim.
 
 III.
 
 26
 For all of the foregoing reasons, the district court's order granting defendant's motion for summary judgment is AFFIRMED.
 
 
 27
 DAVID A. NELSON, Circuit Judge, concurring.
 
 
 28
 Although I concur in both the judgment and the opinion of the court, I write separately to note that the circuits are divided on the question whether the only exceptions to the physical delivery rule in federal tax cases are those set forth in 26 U.S.C. Sec. 7502. Like the Second Circuit (see Deutsch v. Commissioner, 599 F.2d 44 (2d Cir.1979)), our circuit holds that only a taxpayer who can produce a postmark (see 26 U.S.C. Sec. 7502(a)) or who has used registered or certified mail (see Sec. 7502(c)) can obtain the benefits of the presumption that material mailed on time has been received on time. Surowka v. United States, 909 F.2d 148 (6th Cir.1990); Miller v. United States, 784 F.2d 728 (6th Cir.1986). Other circuits have adopted a more liberal approach. See Anderson v. United States, 966 F.2d 487 (9th Cir.1992), and Wood v. Commissioner, 909 F.2d 1155 (8th Cir.1990).
 
 
 29
 If I were free to do so, I would follow Anderson and Wood. Under Sec. 10.2 of the Court Policies of this circuit, however, the Surowka and Miller decisions, both of which have been published in the Federal Reporter, are binding on this panel.
 
 
 
 *
 The Honorable Bernard A. Friedman, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The district court also granted summary judgment on plaintiffs' "informal claim" for a refund pursuant to 26 C.F.R. Sec. 301.6402-4. Plaintiffs do not appeal the district court's decision as to this claim
 
 
 [2]
 Defendant agrees to the amounts for 1981, 1982 and 1983, but disputes that plaintiffs ever were entitled to any refund for 1984
 
 
 [3]
 In Liberty Lobby, the Supreme Court defined a "genuine" dispute as one that must be resolved by the fact-finder at trial because, based on the evidence submitted by both parties, "a reasonable jury could return a verdict for the non-moving party." 477 U.S. at 248. Thus, a dispute is not "genuine" if the evidence is such that, were the matter to proceed to trial, the party seeking summary judgment would be entitled to a directed verdict. Id. at 250
 A fact is "material" if its resolution "might affect the outcome of the suit under the governing law." Id. at 248. Consequently, "[f]actual disputes that are irrelevant or unnecessary will not be counted." Id. (citing 10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2725, at 93-95 (1983)).
 
 
 [4]
 26 U.S.C. Sec. 7502 provides in part:
 (a) General rule.--
 (1) Date of delivery.--If any return, ... required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, ... is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, ... or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.
 * * *
 (c) Registered or certified mailing.--
 (1) Registered mail.--For purposes of this section, if any such return, ... or payment, is sent by United States registered mail--
 (A) such registration shall be prima facie evidence that the return, ... or other document was delivered to the agency, officer, or office to which addressed, and
 (B) the date of registration shall be deemed the postmark date.
 (2) Certified mail.--The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to prima facie evidence of delivery and the postmark date shall apply to certified mail.
 
 
 [5]
 Regardless of the physical delivery rule, the court doubts that a reasonable jury would find plaintiffs' affidavits persuasive. The Schentur affidavits are contradicted by the 1982 return itself. The Schenturs assert that they filed their 1982 tax return by April 15, 1986, but they dated their own 1982 return "April 10, 1987." They did not date the 1981 return at all. The affidavit of Metzler, the secretary, also is unpersuasive. She states only that she delivered tax documents to the accountant, Siegel, on April 14, 1987, and that "Mr. Schentur told me that he later talked with Barry Siegel and Barry indicated he filed the return timely." This is a hearsay statement, of which Metzler has no personal knowledge, and cannot be considered on summary judgment. See Fed.R.Civ.P. 56(e)
 
 
 [6]
 Plaintiffs' claim for the 1984 tax year also fails as a matter of law. This claim was based on receiving a credit for overpayment for the 1983 tax year. Since plaintiffs were not entitled to a refund for 1983, they cannot recover on their claim for 1984
 
 
 [7]
 It should be noted that plaintiffs were given adequate time to respond to the motion for summary judgment. While the motion was filed only three and one-half months after the complaint was filed, plaintiffs were given additional time to file a response, and were permitted to file a supplemental reply, so that their final submission was made nine months after the complaint was filed. Moreover, a provision in the court's scheduling order stated: "The fact that a dispositive motion has been filed and is pending does not constitute grounds for suspending discovery."
 
 
 [8]
 26 U.S.C. Sec. 6502 was amended in 1990 to allow the government to collect within ten years after assessment