89 F.3d 834
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey A. KIMBROUGH, aka Abdul Arkeem Shabazz Ibn
Kimbrough, Plaintiff-Appellant,
v.
Pamela K. WITHROW; Steve Rivard; J. Robbins; Fred Boots;
Louis Yonke, Defendants-Appellees.
 No. 95-2004.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1996.
 
 Before: MERRITT, Chief Judge; BROWN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Jeffrey A. Kimbrough, aka Abdul Arkeem Shabazz Ibn Kimbrough, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and declaratory relief, Kimbrough sued five state prison officials in their individual and official capacities. Kimbrough claimed that defendants had denied him access to the courts by not providing legal assistance, access to a law library, or writing materials. Kimbrough also claimed violations of the Eighth Amendment and his right to free speech. Upon review of the magistrate judge's report and over Kimbrough's objections, the district court granted summary judgment in favor of the defendants.
 
 
 3
 In his timely appeal, Kimbrough reasserts that the defendants denied him access to the courts and inflicted cruel and unusual punishment. Kimbrough also argues that the district court erred by denying his discovery requests and by not holding a hearing on defendants' motion for summary judgment.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment for the defendants for the reasons contained in the magistrate judge's report and recommendation. Fed.R.Civ.P. 56(c). As the magistrate judge noted, the defendants did not deny Kimbrough access to the courts. Knop v. Johnson, 977 F.2d 996, 1002-03 (6th Cir.1992), cert. denied, 507 U.S. 973 (1993). Furthermore, we note that Kimbrough's allegations concerning his Eighth Amendment claim are too vague and conclusory to withstand a motion for summary judgment. See Cincinnati Bell Tele. v. Allnet Comm. Servs., Inc., 17 F.3d 921, 923 (6th Cir.1994).
 
 
 5
 We also conclude that the district court did not abuse its discretion in denying discovery, because none of the requested discovery would have impacted his legal access claim. See Samad v. Jenkins, 845 F.2d 660, 663 (6th Cir.1988). Likewise, the district court did not err by not holding a hearing in connection with defendants' motion for summary judgment. The legal issues in this case are abundantly clear and so firmly settled that no hearing was needed. See Yamaha Corp. of America v. Stonecipher's Baldwin Pianos & Organs, 975 F.2d 300, 301 n. 1 (6th Cir.1992).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.