**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 11a0822n.06

No. 10-2329

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

*Dec 09, 2011*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| LEMUEL M. JOYNER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MERS, et al., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:  SUHRHEINRICH, SUTTON, and COOK, Circuit Judges.

PER CURIAM.  Lemuel M. Joyner, a Michigan citizen, appeals a district court order dismissing a complaint he filed under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

In 2006, Joyner and his wife took out a mortgage for $256,500 from Pathway Financial LLC, and its nominee MERS, to buy a home.  The note was later assigned to CitiMortgage, Inc.  Joyner eventually ceased making the payments, and a foreclosure proceeding was instituted.  In 2010, Joyner filed this complaint against MERS, Pathway, Pathway's former president, CitiMortgage, CitiMortgage's CFO, and Orlans Associates P.C., the law firm that handled the foreclosure.  It appears that Joyner believed he did not have to pay his mortgage because the original lender, Pathway, had gone out of business and had not assigned the note properly to CitiMortgage.  He sought to have defendants declare the loan paid in full, refund all payments made, and pay him treble damages.

The district court issued an order to show cause why Pathway and its former president should not be dismissed for lack of service. Joyner conceded that these defendants had not been served. The remaining defendants filed motions to dismiss on various grounds. The district court granted all the motions, dismissing the complaint in its entirety. This appeal followed.

Initially, the complaint was properly dismissed without prejudice as to Pathway and its former president for lack of service. *See* Fed. R. Civ. P. 4(m).

The district court properly dismissed the complaint as to the CFO of CitiMortgage for lack of personal jurisdiction. Such a dismissal is reviewed de novo. *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 542 (6th Cir. 1993). Jurisdiction over an officer of a corporation may not be based on jurisdiction over the corporation; the officer must have purposely availed himself of the forum. *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000). Joyner did not allege that CitiMortgage's CFO personally took any action connected to Michigan.

The district court properly dismissed the complaint as to Orlans Associates P.C. for failure to state a claim. In order to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint in this case contained no facts stating a claim to relief against defendant Orlans. The complaint named this defendant only in the caption, and otherwise consisted of citations to the Uniform Commercial Code, requests for production of documents, and summaries of decisions from other courts.

The complaint was equally deficient as to defendants MERS and CitiMortgage. Although the FDCPA was cited, a creditor is not a debt collector under the FDCPA. *See MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007). Nor is an assignee of a debt that was

not in default when assigned. *See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996). Although Joyner alleged that the debt had never been properly assigned to CitiMortgage, defendants submitted a copy of the note showing the assignment. In addition, any claim asserted under the TILA would be time-barred. *See* 15 U.S.C. §§ 1635(f); 1640(e). Finally, the district court generously construed the complaint as attempting to allege a claim under the Real Estate Settlement Procedures Act (RESPA). As part of his response to the motion to dismiss below, Joyner submitted a document addressed to CitiMortgage and MERS and purporting to be a "qualified written request" under RESPA, 12 U.S.C. § 2605(e). But the complaint itself says nothing about RESPA and makes no allegation that CitiMortgage is the loan servicer for his loan—a key omission given that the relevant provisions of RESPA apply to loan servicers, not loan holders. As such, the complaint failed to state a claim under RESPA.

For all of the above reasons, the district court's order dismissing this complaint is affirmed.