[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14564

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

D. C. Docket No. 4:11-cv-00064-HLM

DAVID HENRY,

Plaintiff-Appellant,

versus

NATHANIAL CASEY JONES, Game Warden,
KELLY PARKER, Chatsworth Police Department,
ELLIOT WELCH, Chatsworth Police Department,
ANDY FRASER, Chatsworth Police Department, in their individual and official
capacities,

Defendants-Appellees,

LARRY ETHERIDGE, etc.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 27, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

David Henry, through counsel, appeals the district court's dismissal of his Amended Complaint against Game Warden Nathanial Jones for failure to set forth viable 42 U.S.C. § 1983 claims. Henry's sole argument on appeal is that the district court violated the Seventh Amendment of the United States Constitution by usurping the jury's fact-finding role on the issue of whether Jones falsely procured his arrest.[1] After review, we affirm the district court's dismissal with prejudice of Henry's Amended Complaint.

We review the district court's grant of a 12(b)(6) motion *de novo*, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). We do not, however, accept as true "unwarranted deductions of fact" or legal conclusions. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Moreover, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] The only claim preserved on appeal is the § 1983 false arrest claim against Jones. Because Henry does not challenge the district court's grant of the other Appellees' motion to dismiss, or the dismissal of his other claims against Jones, he has abandoned any remaining claims. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

*Twombly*, 550 U.S. 544, 570 (2007)). Stating a plausible claim for relief requires pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The mere possibility that the defendant may have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. *Id.*

On appeal, Henry points to his allegations in the Amended Complaint that Jones "falsely reported to Chatsworth Police Department by means of police dispatch that Plaintiff had telephoned him from a payphone." Henry also claims Jones threatened him and his wife after Henry was arrested. We accept these factual allegations as true, as did the district court, but conclude Henry has failed to state a plausible claim that he was falsely arrested by Jones. *See Iqbal*, 129 S. Ct. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Because dismissal under Rule 12(b)(6) was proper, Henry's Seventh Amendment right to a trial by jury was not violated. *See, e.g., Garvie v. City of Fort Walton Beach, Fla.*, 366 F.3d 1186, 1190 (11th Cir. 2004) (holding that a grant of summary judgment did not violate the Seventh Amendment).

**AFFIRMED.**