**Alfred R. KLOSS Diana C. Kloss, Plaintiffs,**

v.

**RBS CITIZENS, N.A., Successor in Interest to CCO Mortgage Corp., Defendant.**

Case No. 13–12833.

United States District Court, E.D. Michigan, Northern Division.

Feb. 6, 2014.

Alfred R. Kloss, Birch Run Township, MI, pro se.

Diana C. Kloss, Birch Run Township, MI, pro se.

Jeffrey E. Ammons, Salina M. Hamilton, Scott A. Petz, Dickinson Wright, Detroit, MI, for Defendant.

Alfred R. Kloss, Birch Run Township, MI, pro se.

Diana C. Kloss, Birch Run Township, MI, pro se.

Jeffrey E. Ammons, Salina M. Hamilton, Scott A. Petz, Dickinson Wright, Detroit, MI, for Defendant.

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS, ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT, DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

THOMAS L. LUDINGTON, District Judge.

Plaintiffs Alfred R. Kloss and Diana C. Kloss commenced this case against Defendant RBS Citizens N.A., successor in interest to CCO Mortgage Corp. They allege that Defendant has improperly foreclosed upon and taken title to their home.

Plaintiffs filed their complaint on June 28, 2013, followed by a motion for a preliminary injunction on July 11. On July 15, the Court referred the case to United States Magistrate Judge Charles Binder for general case management. Four days later, Defendant filed a motion to dismiss. Plaintiffs responded to the motion on August 16, and Defendant replied on September 6.

On September 18, 2013, Judge Binder issued a report recommending that the Court grant Defendant's motion to dismiss Plaintiffs' complaint and deny Plaintiffs' motion for a preliminary injunction. *See* Report & Rec., ECF No. 15. Plaintiffs were given fourteen days to file any objections to the report, which they did. In addition to their objections, Plaintiffs assert that their right to due process and their right to a jury trial have been violated by this Court. Furthermore, Plaintiffs request that the "final judgment of this Court should be vacated under [Federal Rules of Civil Procedure] Rule 60(B)." Pls.' Objs. Report & Rec. 15, ECF No. 17.

The Court reviews Judge Binder's report and recommendation de novo. *See* Fed.R.Civ.P. 72(b)(3). Upon review, Judge Binder correctly determined that because the statutory redemption period has expired, Plaintiffs no longer have any interest in the property and may not make any claims related to the property. Judge Binder was also correct in that Plaintiffs have failed to meet the high bar set by state law for extending the statutory redemption period, and that even if Plaintiffs could make any claims against Defendant, they have failed to state any claims upon which the Court could grant relief. In addition, Judge Binder's other conclusions—that the Court should grant Defendant's motion to dismiss and that the Court should deny Plaintiffs' motion for a preliminary injunction—are sound. Accordingly, the Court will overrule Plaintiffs' objections, adopt Judge Binder's report and recommendation, grant Defendant's motion to dismiss, and deny

Plaintiffs' motion for a preliminary injunction. Furthermore, the Court finds that Plaintiffs' right to due process and right to a jury trial were not violated. Finally, because Plaintiffs' motion for reconsideration comes before there is a final judgment, the motion is premature and will be denied.

## I

Plaintiffs' property is located at 7273 Birch Run Road in Birch Run Township, Michigan. Pls.' Compl. Ex. B at 4, ECF No. 1. On October 21, 2005, Plaintiffs entered into a mortgage and executed a promissory note with CCO Mortgage Corp. for $825,000. Def.'s Mot. Dismiss Exs. 1, 2, ECF No. 9. On September 1, 2007, Defendant became the successor to CCO Mortgage Corp. through a merger of various banking institutions. Def.'s Mot. Dismiss Ex. 3.

Plaintiffs defaulted, foreclosure by advertisement proceedings were commenced, and Defendant purchased the subject property on January 27, 2012. Def.'s Mot. Dismiss at 12, Ex. 4 at 1. The one-year statutory redemption period expired on January 27, 2013, without Plaintiffs' having redeemed the property.

On February 19, 2013, Defendant filed an action in the 70th District Court for the State of Michigan to gain possession of the subject property. Def.'s Mot. Dismiss Ex. 5. After a hearing, the 70th District Court entered a judgment of possession in favor of Defendant. Def.'s Mot. Dismiss Ex. 6. On March 5, Plaintiffs appealed to the 10th Circuit Court for the State of Michigan, i.e., the Saginaw County Circuit Court, and on that same day, the court stayed the judgment of possession. Def.'s Mot. Dismiss at 13, Exs. 7–9.

On March 6, 2013, Plaintiffs filed a complaint in this Court. E.D. Mich. Case No. 1:13–cv–11025. The following month, Plaintiffs filed a similar action in the Saginaw County Circuit Court, which Defendant removed to this Court. E.D. Mich. Case No. 1:13–cv–11903. The actions were consolidated on May 13, 2013, by stipulation and later dismissed without prejudice. Def.'s Mot. Dismiss 14. Therefore, this action is the only action between the parties regarding this subject property.

## II

The standard of review applicable to a magistrate judge's report and recommendation depends on whether a party files objections. The Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The Court, however, "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R.Civ.P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir.1981). If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record. *Lardie v. Birkett*, 221 F.Supp.2d 806, 807 (E.D.Mich.2002).

Overly broad objections do not satisfy the objections requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir.2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The objections must be clear enough that the Court can "discern those issues that are dispositive

and contentious." *Id.* Objections that merely challenge the correctness of the magistrate's recommendation but fail to specify what findings were erroneous are insufficient. *Id.*

■ In addition, parties may not add new claims in an objection to a report and recommendation: "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, ... it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States,* 200 F.3d 895, 902 n. 1 (6th Cir.2000).

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted...." In deciding such a motion to dismiss, the Court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Lambert v. Hartman,* 517 F.3d 433, 439 (6th Cir.2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim survives this motion where its factual allegations are enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Zaluski v. United Am. Healthcare Corp.,* 527 F.3d 564, 570 (6th Cir.2008) (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955) (internal quotation marks omitted) (alterations omitted). Although it must accept well-pleaded facts as true, the Court is not required to accept a plaintiff's legal conclusions. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (noting "the tenet that a court must accept as true all of the allega-

tions contained in a complaint is inapplicable to legal conclusions").

■ If parties present matters outside of the pleadings to the Court in a Rule 12(b)(6) motion, under Rule 12(d), the motion must be treated as a Rule 56 motion for summary judgment. However, documents attached to a motion to dismiss that are referred to in the complaint and central to the claims are deemed to form part of the pleadings. *Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir.1999); *Armengau v. Cline,* 7 Fed.Appx. 336, 344 (6th Cir.2001). Furthermore, a court "may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir.2007).

## III

After reviewing Plaintiffs' objections, it appears Plaintiffs have not formally objected to Judge Binder's determination that the statutory redemption period has expired, and thus their interest in the property has been extinguished. However, Plaintiffs challenge the foreclosure on the merits, and so the Court will review their argument that the statutory redemption period should be extended.

Plaintiffs objected to Judge Binder's finding that Defendant is entitled to dismissal of the following claims: those related to the laws against fraud and "dual tracking," the home affordable mortgage program (HAMP), the law governing real estate mortgage investment conduit (REMICs), the Truth in Lending Act (TILA), the Fair Debt Collection Practices Act (FDCPA), section 750.249(3) of the Michigan Compiled Laws, section 750.248(4) of the Michigan Compiled Laws, and section 2.149(c) of the Michigan Compiled Laws. Plaintiffs also assert that their

right to due process has been violated by Defendant and by this Court, and that Plaintiffs are entitled to a jury trial. Pls.' Objs. Report & Rec. 15. The Court will address each of these objections in turn.

### A

 Michigan law grants a mortgagor of residential property that has been foreclosed by advertisement a statutory redemption period of one year.[1] Mich. Comp. Laws § 600.3240(13). "When the redemption period expires, the purchaser of the sheriff's deed is vested with 'all the right, title, and interest' in the property," *Carmack v. Bank of N.Y. Mellon*, No. 12–cv–11669, 2012 WL 2389863, at *2 (E.D.Mich. June 25, 2012) (quoting Mich. Comp. Laws § 600.3236), and "all of [the] plaintiff's rights in and title to the property [are] extinguished," *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich.Ct.App. May 28, 2009). After the expiration of the redemption period, Michigan law does not permit property owners to make claims related to the foreclosed property. *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 952 (6th Cir.) (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514, 517 (.1942); *Overton*, 2009 WL 1507342, at *1), *abrogated on other grounds by Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012). In addition, the redemption period may not be extended unless there is a "clear showing of fraud[ ] or irregularity." *Overton*, 2009 WL 1507342, at *1 (citing *Schulthies v. Barron*, 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)).

 Some courts have framed the requirement that mortgagors redeem their property within the statutory period as an issue of standing. *See, e.g., id.* Other courts have instead characterized the requirement as a merits issue. *See Langley v. Chase Home Fin. LLC*, No. 1:10–cv–604, 2011 WL 1130926, at *2 n. 2 (W.D.Mich. Mar. 28, 2011) (noting that a plaintiff in such a situation "certainly seems" to have standing for purposes of Article III of the Federal Constitution and characterizing the state-law redemption period as a merits issue); *Evans v. LNV Corp.*, No. 12–12287, 2012 WL 4048880, at *3 (E.D.Mich. Sept. 13, 2012) (citing *Langley* ). A subsequent unpublished Sixth Circuit opinion supports the latter view: "[The Michigan holdings] do[ ] not turn on [the] standing doctrine"; rather, "[i]t is more accurate to say that the 'fraud or irregularity' claims in *Overton*, [*Awad v. General Motors Corp.*, No. 302692, 2012 WL 1415166 (Mich.Ct.App. Apr. 24, 2012) ], and [*Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424 (Mich.Ct.App. Apr. 12, 2007),] lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El–Seblani v. IndyMac Mort. Servs.*, 510 Fed.Appx. 425, 427–29 (6th Cir.2013) (disagreeing with *Overton* and characterizing plaintiff as having a "cause of action" under state law). Because a post-foreclosure suit "test[s] the

---

1. The general statutory redemption period is one year. Mich. Comp. Laws § 600.3240(13). But "if the amount claimed to be due on the mortgage at the date of the notice of foreclosure is more than 66–2/3% of the original indebtedness secured by the mortgage, the redemption period is 6 months." *Id.* § 600.3240(8). From a review of the exhibits, it is unclear whether the proper redemption period here is six months or one year. However, the Court notes that Defendant, which presumably would prefer a six-month redemption period over a one-year redemption period, implies that the redemption period is one year. *See* Def.'s Mot. Dismiss 2, 9 ("Defendant purchased the Property at a Sheriff's Sale on January 27, 2012 . . . . Here, the statutory redemption period expired on January 27, 2013."). But whether the redemption period is six months or one year does not change the relevant analysis.

validity of the sale," the Court agrees that the issue is best characterized as one regarding the merits of a plaintiff's case rather than standing. *See Reid v. Nusholtz*, 264 Mich. 220, 249 N.W. 831, 832 (1933).

In addition, regardless of "[w]hether the failure to make this showing is best classified as a standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this high standard" of fraud or irregularity "in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359–60 (6th Cir. 2013) (internal quotation marks omitted). Furthermore, the fraud or irregularity must relate to the foreclosure proceeding itself. *El–Seblani*, 510 Fed.Appx. at 429 (citing *Freeman v. Wozniak*, 241 Mich. App. 633, 617 N.W.2d 46, 49 (2000)).

Moreover, even if a plaintiff can show that there has been fraud or irregularity in the foreclosure proceeding, such a defect renders the foreclosure voidable rather than void. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012). And because such a sale is voidable, in order to set aside the foreclosure, a plaintiff must demonstrate that he or she was "prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice," a plaintiff must show that he or she

"would have been in a better position to preserve [his or her] interest in the property absent defendant's noncompliance with the statute." *Id.*

**B**

**1**

Here, Plaintiffs have not challenged the fact that they defaulted, that Defendant properly instituted foreclosure by advertisement proceedings against them, or that Defendant purchased the subject property on January 27, 2012. Plaintiffs also did not redeem the property before the expiration of the one-year statutory redemption period.[2] Thus, absent extenuating circumstances, any interest Plaintiffs had in the property has been extinguished.

**2**

As previously noted, the statutory redemption period may be extended if Plaintiffs can show that there was fraud or irregularity in the foreclosure proceeding. *See Schulthies v. Barron*, 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969). Under Michigan law, in order to establish a claim for fraud, a plaintiff must demonstrate that (1) the defendant made a material misrepresentation; (2) it was false; (3) when the defendant made it, he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a posi-

---

**2.** Although Plaintiffs claim that they did attempt to make an agreement to redeem the property, Plaintiffs made these factual allegations in their objection to Defendant's motion to dismiss. *See* Pls.' Obj. Def.'s Mot. Dismiss Aff. 2, ¶ 8; 3, ¶ 133. "However, it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984). Because Plaintiffs did not allege these facts in their complaint, the allegation is waived. In addition, even if Plaintiffs had alleged these facts

in their complaint, the statute of frauds prohibits oral agreements for the purchase of real estate. *See* Mich. Comp. Laws § 566.108. Finally, even if the agreement were alleged in the complaint, insofar as Plaintiffs allege the agreement was written, they have failed to attach the written agreement to any pleading submitted to the Court. The Court cannot consider the contents of a written agreement without viewing the written agreement. *See Abbas v. Bank of Am. N.A.*, No. 1:12–CV–607, 2013 WL 1340309, at *5 (E.D.Mich. Mar. 29, 2013).

tive assertion; (4) he made it with the intention that it should be acted upon by the plaintiff; (5) the plaintiff acted in reliance upon the false misrepresentation; and (6) the plaintiff thereby suffered injury. *Hi–Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 247 N.W.2d 813, 816 (1976). Each element must be proved by the plaintiff by clear, satisfactory, and convincing evidence. *Youngs v. Tuttle Hill Corp.*, 373 Mich. 145, 128 N.W.2d 472, 473 (1964).

 Furthermore, besides meeting the high standard of showing fraud or irregularity under state law, alleging fraud is subject to a heightened pleading standard under federal law. Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead the circumstances constituting fraud "with particularity." A plaintiff's complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D.Ohio 1998). At a minimum, a plaintiff must allege the time, place, and contents of the misrepresentations upon which he or she relied. *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.1984).

a

 Here, Plaintiffs have not demonstrated that there was any fraud or irregularity in the foreclosure proceedings. Insofar as Plaintiffs allege a defect, they fail to show that any defect rose to the level of fraud or otherwise relates to the foreclosure process. Plaintiffs argue that they "would have been in better position to preserve the interest in the property absent defendant's Non–Compliance with the [loan modification] statu[t]e." Pls.' Objs. Report & Rec. 5. Plaintiffs also present affidavits and ex-

hibits that in their view show that Plaintiffs dutifully submitted documents requesting a loan modification. *See, e.g.,* Pls.' Compl. Ex. D. But Plaintiffs' evidence relates to Defendant's supposed failure to give Plaintiffs a loan modification, not any irregularity in the foreclosure process, and Defendant has no legal obligation to provide a loan modification. *See Duff v. Fed. Nat'l Mortg. Ass'n,* No. 2:11–cv–12474, 2012 WL 692120, at *5 (E.D.Mich. Feb. 29, 2012) ("HAMP imposes no duty on [a] mortgage lender to modify [a] mortgage even if the borrower meets modification requirements."). At most, Plaintiffs—in their response to Defendant's motion to dismiss, not their complaint—allege the elements of fraud scantily clad in nothing more than legal conclusions. *See* Pls.' Obj. Def.'s Mot. Dismiss 11, ECF No. 13. These bare legal conclusions are insufficient to show that there was any fraud or irregularity in the foreclosure proceeding.

 In addition, although Plaintiffs spend many pages alleging that Defendant has violated "dual tracking," any such violations relate to the loan modification process rather than the foreclosure process. Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification. *See Jolley v. Chase Home Finance, LLC,* 213 Cal.App.4th 872, 153 Cal.Rptr.3d 546 (2013) (discussing dual tracking under California law). "The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it." *Id.* at 572.

 Michigan has taken steps to ban the practice of dual tracking. In particular, section 600.3205a(e) of the Michigan Compiled Laws requires a lender to wait

90 days before commencing foreclosure proceedings against a borrower who has requested a meeting with the lender, which Defendant appears to have complied with. *See* Pls.' Compl. Ex. D. As stated above, however, any alleged dual tracking violations relate to the loan modification process rather than the foreclosure process. Furthermore, the only remedy for a violation of the loan modification process is a conversion of the foreclosure by advertisement into a judicial foreclosure, which must have occurred before the foreclosure by advertisement was completed. *Adams v. Wells Fargo Bank, N.A.*, No. 11–10150, 2011 WL 3500990, at *4 (E.D.Mich., Aug. 10, 2011) (citing Mich. Comp. Laws § 600.3205c(8)). A borrower may not set aside or avoid a completed foreclosure. *Id.*

Thus, even if Plaintiffs' dual tracking allegations are true, their only remedy would have been for a conversion of the foreclosure by advertisement. But now that the foreclosure is complete, Plaintiffs no longer have a legal remedy. Contrary to Plaintiffs' assertion, "Dual Tracking is" not "enough grounds for a request and relief." *See* Pls.' Obj. Def.'s Mot. Dismiss 7.

**b**

■ Furthermore, Plaintiffs have failed to comply with Federal Rule of Civil Procedure 9(b)'s special requirement for fraud. In their complaint, Plaintiffs allege nothing more than that "the document stating to be the Affidavit of purchase at foreclosure sale and named as such is fraud on its face," and that "inducing Plaintiff to believe that he would get a loan modification was fraudulent inducement by the Defendants[ ]." *See* Pls.' Compl. 4, ¶ 19; 5, ¶ 22. Such allegations fall far short of the heightened pleading standard for fraud. Even Plaintiffs' other briefs fail to meet this heightened pleading standard.

Because Plaintiffs have not shown that any fraud or irregularity relating to the foreclosure process, let alone plead such fraud with particularity, Plaintiffs have not met the high bar to extend the statutory redemption period.

**3**

Importantly, even if there had been fraud or irregularity in the foreclosure proceeding, such a defect would render the foreclosure voidable rather than void. *See Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012). And because the sale is merely voidable, in order to set aside the foreclosure sale, plaintiffs must show that they were "prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* Courts have consistently held that when plaintiffs defaulted on their loans, received proper notice of default, failed to show they had the funds to outbid the highest bidder at the foreclosure sale—let alone pay the entire unpaid balance owing on the loan—and made no attempt to redeem the property during the redemption period, they cannot show prejudice. *See, e.g., Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11–14100, 2012 WL 1902916, at *6 (E.D.Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.*, No. 2:11–cv–10264, 2012 WL 1094333, at *8 (E.D.Mich. Mar. 30, 2012); *Caillouette v. Wells Fargo Bank, N.A.*, No. 11–cv–10204, 2012 WL 1033598, at *8 (E.D.Mich. Mar. 27, 2012).

■ Here, Plaintiffs have not demonstrated prejudice. Plaintiffs have not challenged the fact that they defaulted on their loan, nor have they contended that they were unaware that their property was scheduled for a foreclosure sale. Furthermore, Plaintiffs have not alleged that they

attempted to redeem the property, other than advancing a proposed agreement that was never consummated and that they failed to mention in their complaint. *See* Def.'s Reply Pls.' Obj. Def.'s Mot. Dismiss 5, ECF No. 14. Plaintiffs have not shown that they would have been in a better position if Defendant had not allegedly violated the statute governing foreclosure procedures.

In sum, Plaintiffs have failed to show that there was fraud or irregularity in the foreclosure proceeding sufficient to extend the statutory redemption period. They have also failed to plead their claim of fraud with particularity. Furthermore, they have failed to show that they would have been prejudiced by any such fraud or irregularity. Consequently, Plaintiffs have not shown any circumstance that would merit extending the one-year statutory redemption period. Thus, Plaintiffs no longer have any interest in the subject property and may not make any claims regarding the property against Defendant.

## IV

Because Plaintiffs no longer have an interest in the subject property, they may not make any claims regarding the property against Defendant. But even if Plaintiffs had an interest in the property, they have failed state any claims upon which the Court could grant relief.

### A

■ Plaintiffs object to Judge Binder's recommendation that Defendant's motion to dismiss be granted as to any claim brought under HAMP. Plaintiffs devote many pages of their objection discussing alleged HAMP violations by Defendant. *See* Pls.' Objs. Report & Rec. 6–7, 9–10, 14–15. However, even if these violations are true, HAMP does not create a private cause of action; rather, lawsuits against such purported violations must be brought by the government. *See Hart v. Country-*

*wide Home Loans, Inc.,* 735 F.Supp.2d 741, 748 (E.D.Mich.2010); *Meyer v. Citimortgage, Inc.,* No. 11–13432, 2012 WL 511995, at *6 (E.D.Mich. Feb. 16, 2012). Thus, Plaintiffs have failed to state a claim upon which the Court could grant relief.

### B

■ In Plaintiffs' objections under the "REMIC" heading, it is unclear what the objection actually is: "Michigan Comp. Laws Sec 555.5 does not apply here, because the trust did not exist—REMIC Violation—also a true case of a lien that does not exist, is grounds for extinguishing the interest if any, or is invalid." Pls.' Objs. Report & Rec. 7 (no alterations). One reading is that Plaintiffs are agreeing with Judge Binder that there is no trust, and thus, no REMIC violation. Another reading is that Plaintiffs are analogizing Judge Binder's explanation that there is no trust to Plaintiffs' argument that there is no lien. *See* Report & Rec. 14–15. But even assuming there is no lien, section 555.5 of the Michigan Compiled Laws would still be inapplicable because the existence or nonexistence of a lien is outside of the purview of section 555.5.

■ Although Judge Binder's report and recommendation discusses Defendant's motion to dismiss Plaintiffs' REMIC claims in terms of section 555.5 of the Michigan Compiled Laws, a more thorough analysis would also include 26 U.S.C. §§ 860A–G because these are the sections of the law governing "Tax Violations [s]" to which Plaintiffs refer in their complaint and to which Defendant refers in its motion to dismiss. *See* Pls.' Compl. 5–6; Def.'s Mot. Dismiss 17–18. However, even under these sections, Plaintiffs' REMIC claim fails. "[T]here is no private right of action available to challenge any perceived violation of 26 U.S.C. §§ 860A–G." *Mohlman v. Long Beach Mortg.,* 2013 WL

490112, at *5 (E.D.Mich. Feb. 8, 2013). In any event, "violating the REMIC rules does not establish a defect in ownership of the mortgage," *see id.* (*citing Livonia Prop. Holdings, L.L.C. v. 12840–12976 Farmington Rd. Holdings, L.L.C.,* 717 F.Supp.2d 724, 748 (E.D.Mich.2010)), and thus, Defendant would still rightfully own the subject property. Consequently, here too Plaintiffs have failed to state a claim upon which the Court could grant relief.

### C

■ Plaintiffs' objection to Judge Binder's TILA analysis is nearly incomprehensible:

> Defendant states [DUAL TRACKING] is irrelevant [even] if the claim may relate to The National Mortgage Settlement, and then states the "borrowers do not have a cause of action," is misleading". Not that an agreement was reached, and that the statute of fraud prohibits oral agreements regarding loan modifications related to real property. Which means [TILA] is not time barred.

Pls.' Objs. Report & Rec. 4 (no alterations). Some courts have not looked kindly upon incomprehensible briefs. *See, e.g., In re King,* No. 05–56485–C, 2006 WL 581256 (Bankr.W.D.Tex. Feb. 21, 2006) ("The court cannot determine the substance, if any, of the Defendant's legal argument, nor can the court even ascertain the relief that the Defendant is requesting. The Defendant's *motion is accordingly denied for being incomprehensible.*"). Insofar as Plaintiffs made an objection, Judge Binder correctly suggested that Plaintiffs' action falls outside the one-year limitations period for TILA claims. *See* 15 U.S.C. § 1640(e). Plaintiffs entered into a mortgage and signed a promissory note with CCO Mortgage Corp. on October 21, 2005. Def.'s Mot. Dismiss Exs. 1, 2. Defendant became the successor to CCO Mortgage Corp. by merger on September 1, 2007. Def.'s Mot. Dismiss Ex. 3. Based on these dates, Plaintiffs' action falls outside the one-year limitations period. Although the one-year limitations period is subject to equitable tolling, *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1041 (6th Cir.1984), such tolling does not apply here. Thus, Plaintiffs' TILA claim is time-barred and will be dismissed.

### D

■ Plaintiffs also argue that "Defendant is a Debt Collector by definition." Pls.' Objs. Report & Rec. 6. In particular, Plaintiffs refer to *Glazer v. Chase Home Finance LLC,* 704 F.3d 453 (6th Cir.2013) in support of their argument. In *Glazer,* the court, reversing the district court, held that "mortgage foreclosure is debt collection" under the FDCPA. *See id.* at 455. But the court affirmed the district court's ruling that the defendant bank was not a debt collector under the FDCPA because the defendant obtained the loan before the plaintiff debtor was in default. *See id.* at 457; *cf.* 15 U.S.C. § 1692a(6), (6)(F) ("The term 'debt collector' ... does not include ... any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person."). Here, Defendant, through a merger involving CCO Mortgage Corp., obtained the debt before Plaintiffs were in default.[3] Thus, Defendant is not a debt collector under the FDCPA, and Plaintiffs have failed to state a claim upon which the Court could grant relief.

---

**3.** Even if Defendant had obtained the debt via merger after Plaintiffs were in default, it still would not be considered a "debt collector" under the FDCPA. *See Brown v. Morris,* 243 Fed.Appx. 31, 34 (5th Cir.2007).

**E**

█ In their objections, Plaintiffs cite to section 750.249(3) of the Michigan Compiled Laws, which refers to the invalidation of forged records and deeds. However, subsection (3) was repealed in 2011. Moreover, subsection (3) simply states that "the circuit court shall enter an order indicating that the document is invalid and requiring a copy of the invalid document and a certified copy of the order to be recorded in the office of the register of deeds of any county where the subject property is located"; it does not prohibit anything per se. Rather, subsection (1) prohibits the uttering of forged records. But even if Plaintiffs are alleging that Defendant has uttered a forged sheriff's deed and thereby violated subsection (1), there is no relevant private civil cause of action. *See Lucido v. Apollo Lanes & Bar, Inc.*, 123 Mich.App. 267, 333 N.W.2d 246, 248 (1983); *Loud v. Lee Twp. Election Comm'n*, Nos. 295836, 298811, 2011 WL 4104956, at *5 (Mich.Ct.App. Sept. 15, 2011). As a result, Plaintiffs have failed to state a claim upon which the Court could grant relief.

Similarly, Plaintiffs cite to section 750.248(4), which has nearly the same language as section 750.249(3) except that it refers to making rather than uttering a forged record. Section 750.249(3) was also repealed in 2011. For the same reasons, Plaintiffs have failed to state a claim upon which the Court could grant relief.

Finally, Plaintiffs cite to section 2.149(c) of the Michigan Compiled Laws in alleging that Defendant has violated the requirements of the form of the sheriff's deed.

However, there is no section 2.149, and the Court is unable to identify what statute that Plaintiffs could be referring to.[4] Thus, Plaintiffs have failed to state a claim upon which the Court could grant relief.

**V**

Plaintiffs also object to Judge Binder's report and recommendation on the basis that it violates their due process rights under the Fifth Amendment and their right to a jury trial under the Seventh Amendment. In particular, Plaintiffs assert that their Fifth Amendment due process rights have been violated because "a meaningful hearing [has been] denied as in this cause."[5] Pls.' Objs. Report & Rec. 3. In addition, Plaintiffs assert that their Seventh Amendment right to a "jury of peers with the constitutional authority to judge both the facts and law in a case" has been denied. *Id.*

**A**

█ The Court notes that Plaintiffs' due process claim was previously directed against Defendant; now Plaintiffs raise this claim against the Court. Insofar as Plaintiffs object to Judge Binder's analysis of Plaintiffs' due process claim against Defendant, the Court agrees with Judge Binder: the Fifth Amendment does not apply to private parties like Defendant; it is not a "state actor." *See Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948) (The Fifth and Fourteenth Amendments "erect[ ] no shield against merely private conduct, however discriminatory or wrongful."); *cf. Malinski*

---

4. The only remotely possible statute is section 565.492 of the Michigan Compiled Laws, which refers to the requirements of indexing a sheriff's deed. But even assuming a violation of this section, it is unlikely that there would be a private civil cause of action. *See Lucido*, 333 N.W.2d at 248.

5. Plaintiffs state that "[t]he Due Process claim must be dismissed." *Id.* No doubt Plaintiffs actually meant either that their due process claim must *not* be dismissed, or that Defendant's motion to dismiss Plaintiffs' due process claim should be "dismissed" (i.e., denied).

*v. New York,* 324 U.S. 401, 415, 65 S.Ct. 781, 89 L.Ed. 1029 (1945) (Frankfurter, J., concurring) ("Of course the Due Process Clause of the Fourteenth Amendment has the same meaning. To suppose that 'due process of law' meant one thing in the Fifth Amendment and another in the Fourteenth is too frivolous to require elaborate rejection."). Thus, Plaintiffs have failed to state a claim upon which the Court could grant relief.

**B**

■ In directing their due process claim against the Court, Plaintiffs allege that their due process rights have been denied because a "meaningful hearing [has been] denied as in this cause." Pls.' Objs. Report & Rec. 3. From a review of Plaintiffs' pleadings, it is clear that Plaintiffs' conception of a "meaningful hearing" refers to an oral hearing. *See id.* at 1, 2, 4, 7, 10, 14, 16. But there is no right under the Due Process Clause to an oral hearing on a motion to dismiss. *Goodpasture v. Tenn. Valley Auth.,* 434 F.2d 760, 764 (6th Cir.1970); *Greene v. WCI Holdings Corp.,* 136 F.3d 313, 316 (2d Cir.1998); *see Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 391 (6th Cir.1975) (denial of oral hearing before granting motion for summary judgment does not violate "fundamental notions of fairness and due process of law"); *Yamaha Corp. of Am. v. Stonecipher's Baldwin Pianos & Organs, Inc.,* 975 F.2d 300 (6th Cir.1992); *see also* Fed. R. Civ. Proc. 78(b) (allowing courts to "provide for submitting and determining motions on briefs, without oral hearings"). Although Plaintiffs have requested oral argument, given that Plaintiffs have had ample opportunity to present their arguments to the Court, the lack of an oral hearing does not violate fundamental notions of fairness and due process of law. Consequently, the Court has not violated Plaintiffs' due process rights.

**C**

■ Plaintiffs also assert that their Seventh Amendment right to a "jury of peers with the constitutional authority to judge both the facts and law in a case" has been denied. Pls.' Objs. Report & Rec. 3. Plaintiffs further allege that "the use of lawyer rules, judicial rules, court rules, or otherwise trumped-up legal technicalities and instructions ... effectively 'handcuffs' the jury." *Id.* As an initial matter, judges are responsible for identifying the law, while a jury determines the facts. *United States v. Cunningham,* 679 F.3d 355, 375 (6th Cir.2012) (citing *United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)). In fact, this is a bedrock principle of the Anglo–American system of common law, extending back almost 500 years: "For the office of 12 men is no other than to enquire of matters of fact, and not to adjudge what the law is, for that is the office of the Court, and not of the jury...." *Townsend's Case,* (1554) 75 Eng. Rep. 173, 178–79 (K.B.).

■ In addition, Plaintiffs' challenge to Judge Binder's recommendation that Defendant's Rule 12(b)(6) motion to dismiss be granted without a jury trial demonstrates that Plaintiffs misunderstand their right to a jury trial. The Seventh Amendment *"preserve[s]"* the right to a jury trial as existed during the founding of this nation; it does not grant an unconditional right to a jury in all matters. And it is well settled that dismissal for failure to state a claim does not violate a party's right to a jury trial. *James v. Mann,* 234 F.3d 1268, at *2 (6th Cir.2000) (unpublished table opinion); *Anderson v. Law Firm of Shorty, Dooley & Hall,* 393 Fed.Appx. 214 (5th Cir.2010); *Henry v. Jones,* 484 Fed.Appx. 290 (11th Cir.2012); *Winslow v. Lehr,* 646 F.Supp. 242 (D.Colo.1986); *Allen v. Biggs,* 62 F.Supp. 229 (E.D.Penn.1945); *see Perkins*

*v. Spivey,* 911 F.2d 22, 28 n. 6 (8th Cir. 1990) ("It is well settled that an otherwise proper ruling is not erroneous merely because it has the incidental effect of precluding a jury trial."); *cf. Fidelity & Deposit Co. of Md. v. United States,* 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902) (summary judgment does not violate Seventh Amendment right to jury); *Biegas v. Quickway Carriers, Inc.,* 573 F.3d 365 (6th Cir.2009) (same); *Oglesby v. Terminal Transp. Co.,* 543 F.2d 1111 (5th Cir.1976) (same); *Garvie v. City of Ft. Walton Beach,* 366 F.3d 1186 (11th Cir.2004) (same). Thus, the Court has not violated Plaintiffs' right to a jury trial.

## VI

Plaintiffs have submitted what the Court construes to be a motion for reconsideration to vacate the final judgment of this Court under Rule 60(b). *See* Pls.' Objs. Report & Rec. 15. But because there is not yet a final judgment, the Court will deny the motion.

## VII

Plaintiffs have no interest in the subject property and may not make any claims regarding the property against Defendant. Plaintiffs have also failed to state a claim upon which relief can be granted. Accordingly:

It is **ORDERED** that Plaintiffs' objections to the report and recommendation, ECF No. 17, are **OVERRULED.**

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 15, is **ADOPTED.**

It is further **ORDERED** that Defendant's motion to dismiss, ECF No. 9, is **GRANTED.**

It is further **ORDERED** that Plaintiffs' motion for a preliminary injunction, ECF No. 4, is **DENIED.**

It is further **ORDERED** that Plaintiffs' motion for reconsideration, ECF No. 17, is **DENIED.**

It is further **ORDERED** that Plaintiffs' complaint, ECF No. 1, is **DISMISSED** with prejudice.

## *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DEFENDANT'S MOTION TO DISMISS*
(Docs. 4, 9)

CHARLES E. BINDER, United States Magistrate Judge.

## I. *RECOMMENDATION*

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiffs' motion for preliminary injunction (Doc. 4) be **DENIED** and Defendant's motion to dismiss (Doc. 9) be **GRANTED.**

## II. *REPORT*

### A. Introduction

This mortgage foreclosure action was filed on June 28, 2013. The *pro se* complaint alleges the single claim of "[v]oid/voidable sheriff's deed." (Doc. 1 at 4.) Plaintiffs allege that the "affidavit of purchase at the foreclosure sale was sworn to by the attorney/witness for Defendants[ ]." (*Id.*) Plaintiffs further allege a violation of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* at 5.) Plaintiffs also complain that "for one year [they have] been trying to get a possible loan modification" from Defendant and that "[d]ocuments have been mailed many, many times to the lender until the alleged lender made sure Plaintiff ran out of time." (Doc. 1 ¶ 22.) Plaintiffs further complain that they "offered to settle with Defendants' [sic] regarding the alleged indebtedness for [sic] and Defendants' [sic] did not concur." (*Id.* ¶ 23.) Some parts of the complaint are difficult to understand.

Plaintiffs state that, "[u]pon inquiring as to the problem, contradictory information, one would be told HAMP paid the loan off to the loan was in default, some even had funds returned and/or foreclosure started at the same time with no warning most end up homeless." (*Id.* ¶ 24 (no alterations from original).)

Under a section entitled "Case Law in Support," Plaintiffs also allege a "violation of REMIC LAW which is a Tax Violation under the IRS …" and that Defendants "have bifurcated Plaintiff's Note and Mortgage thereby breaking the chain of title; when the security has been broken the contract is voidable if not void." (*Id.* ¶¶ 27–28.) The complaint requests that the court "[d]etermine that Plaintiffs Alfred Kloss and Diana Kloss is [sic] the fee simple Title Holder to the subject property[,]" "[d]etermine those Defendants['] interests, if any are declared invalid and forever Extinguished; and Release of Claim of Interest Pursuant to MCL 656.451a[,]" and "[r]eturn the property to its rightful owner, and double its value of Five Hundred Eight Thousand, Sixty Five Dollars and zero cents for defending the fraudulent action and Void the Sheriff's Deed and Sale." (Doc. 1 at 7.)

The case was referred by United States District Judge Thomas L. Ludington to the undersigned magistrate judge for general case management on July 15, 2013. (Doc. 6.)

On July 19, 2013, Defendant filed the instant motion to dismiss. (Doc. 9.) Plaintiffs responded to the motion on August 16, 2013, and Defendant replied on September 6, 2013. (Docs. 13, 14.) In addition, Plaintiffs filed a motion for a preliminary injunction on July 11, 2013, and Defendant responded on July 23, 2013. (Docs. 4, 12.) Accordingly, the motions are ready for report and recommendation without oral argument pursuant to Local Rule 7.1(f)(2) of the Eastern District of Michigan.

## B. Factual Background

Plaintiffs' property is commonly known as 7273 Birch Run Road, Birch Run Township, Michigan (the "property"). (Doc. 1 at 2.) On October 21, 2005, Plaintiffs entered into the subject mortgage with CCO Mortgage Corporation in the amount of $825,000.00. (Doc. 1 at Ex. B, Pg ID 12; Doc. 9 at Ex. 2.) On the same date, a promissory note was also executed between the parties. (Doc. 9 at Ex. 1.) On September 1, 2007, Defendant RBS Citizens, N.A., became the successor to CCO Mortgage Corporation by merger of various banking institutions. (Doc. 9 at Ex. 3.)

Plaintiffs defaulted, foreclosure by advertisement proceedings were commenced, and Defendant purchased the subject property on January 27, 2012. (Doc. 9 at 12, Ex. 4.) Nothing occurred during the statutory redemption period of one year, i.e., through January 27, 2013. (Doc. 9 at 13); Mich. Comp. Laws § 600.3240(13).[1] On February 19, 2013, Defendant filed an action in the 70th District Court for the State of Michigan to gain possession of the subject property. (Doc. 9 at Ex. 5.) After a hearing, the 70th District Court entered a judgment of possession in favor of Defendant. (*Id.* at Ex. 6.) On March 5, 2013, Plaintiffs appealed to the 10th Circuit Court for the State of Michigan, i.e., the Saginaw County Circuit Court, and on that same day, the court stayed the judgment of possession. (Doc. 9 at 13, Exs. 7–9.)

On March 6, 2013, Plaintiffs filed a federal complaint with this Court. (E.D. Mich. Case No. 1:13–cv–11025.) In April 2013, Plaintiffs filed a similar action in the Saginaw County Circuit Court, which De-

---

**1.** Plaintiffs' complaint does not challenge any of these facts.

fendant removed to this Court. (E.D. Mich. Case No. 1:13–cv–11903.) These actions were consolidated and, on May 13, 2013, via stipulation between the parties and court order, the consolidated cases were dismissed without prejudice. (Doc. 9 at 14.) Therefore, this action is the only action between the parties regarding this subject property. Defendant contends, *inter alia*, that the pending state lawsuit and this lawsuit raise virtually identical claims and issues. (*Id.* at 13–14.)

## C. Motion Standards

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir.2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997) (quotation omitted). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993)); *Yeary v. Goodwill Industries–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir.1997) (consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

## D. Analysis & Conclusions

### 1. Arguments of the Parties

Defendant contends that: (1) Plaintiffs' claims are barred by the *Rooker–Feldman* doctrine and *res judicata;* (2) Plaintiffs' claims fail because Plaintiffs did not bring them prior to the expiration of the redemption period and Plaintiffs failed to allege any irregularity in the foreclosure process because failing to provide a loan modification is not a defect and Plaintiffs have no right to loan modification; (3) Plaintiffs' claims are barred by the doctrine of unclean hands because Plaintiffs received $825,000.00 and failed to pay the debt as agreed upon; (4) Plaintiffs' wrong-

ful foreclosure claim fails because Defendants complied with Michigan's foreclosure by advertisement laws; (5) any alleged violation of Michigan's loan modification statute is insufficient to set aside a completed foreclosure sale; (6) Plaintiffs' allegations related to the alleged bifurcation of the note and mortgage and securitization of the mortgage fail to state a claim; (7) Plaintiffs' allegation related to violation of the "Servicer Participation Agreement" or "Servicer Performance Agreement" and the Home Affordable Modification Program ("HAMP") fail as a matter of law; (8) Plaintiffs' allegations related to Real Estate Mortgage Investment Conduits ("REMIC") violations fail as a matter of law; (9) Plaintiffs' FDCPA claims must be dismissed; (10) Plaintiffs' allegations of fraud fail as a matter of law; (11) Plaintiffs' Fair Credit Reporting Act ("FCRA") "claim" must be dismissed; and (12) Plaintiffs' due process "claim" must be dismissed. (Doc. 9.)

Plaintiffs respond, asking the court to "enter an order for Defendant(s) to follow the law and validate the alleged debt if not rule in favor of the Plaintiff(s) and against the Defendant(s) for violations of Sec Code 809 15 U.S.C. 1692(g), also MCL 600.3205(a) which is a Federal Law." (Doc. 13 at 1–2.) Plaintiffs also contend that "Defendant(s) violated MCL 750.248(4) and MCL 750.249(3) by filing a fraudulent Sheriff Deed and stating no way could Plaintiff(s) get a loan Modification because there if was [sic] no valid loan to modify this is a genuine issue of material fact." (Id. at 5.)

Defendant replies that Plaintiffs cannot avoid application of the *Rooker–Feldman* doctrine by asserting that Plaintiffs' claims are for damages and allegations apart from possession. (Doc. 14 at 3.) Defendant also replies that Plaintiffs' response improperly raises new claims related to the conduct of defense counsel that were not included in the original complaint which should not be considered and that, even if they are, they are "so muddled and insufficient, they should be deemed waived." (*Id.* at 3–4.) Defendant also argues that Plaintiffs' reference to "dual tracking" is irrelevant and even if the claim may relate to the National Mortgage Settlement, that settlement was "entered into between certain mortgage servicers, the U.S. Department of Justice and the attorneys general of forty-nine states and the District of Columbia" and "[n]ot only was Defendant not a party to that Settlement, but individual borrowers do not have a cause of action under it." (*Id.* at 5.) Defendant also contends that to the extent that Plaintiffs raise a new breach of contract claim, they argue inconsistent positions, i.e., that Defendant made an agreement for Plaintiffs to purchase the sheriff's deed and that an agreement was reached regarding a loan modification. (*Id.* at 6.) Defendants note that Plaintiffs' complaint indicates only that Plaintiffs applied for a loan modification, not that one was reached, and that the statute of frauds prohibits oral agreements regarding loan modifications related to real property. (*Id.*) To the extent Plaintiffs raise a claim under the Truth in Lending Act ("TILA") by making a passing reference to it in their response (Doc. 13 at 9), such a claim would be time barred. (Doc. 14 at 7.)

### 2. Standing Under Michigan law

#### a. Governing Standards

Under Michigan law, "[w]hen the redemption period expires, the purchaser of a sheriff's deed is vested with 'all the right, title, and interest' in the property." *Carmack v. Bank of New York Mellon*, No. 12–cv–11669, 2012 WL 2389863, at *2 (E.D.Mich. June 25, 2012) (citing Mich. Comp. Laws § 600.3236). "The law in Michigan does not allow an equitable ex-

tension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud or irregularity." *Overton v. Mortgage Elec. Reg. Sys.*, No. 07–725429, 2009 WL 1507342, at *1 (Mich.Ct.App. May 28, 2009).

The Michigan Court of Appeals has affirmed the holding in *Overton* even where, as here, the plaintiff filed suit before expiration of the redemption period. *Awad v. General Motors Accept. Corp.*, No. 302692, 2012 WL 1415166, at *3 (Mich.Ct.App. Apr. 24, 2012). The court reiterated that "[u]pon the expiration of the redemption period, [plaintiff] lost all right, title, and interest in the property and therefore, lost her standing to sue." *Id.; accord Williams v. Pledged Property II, LLC*, 508 Fed.Appx. 465, 468 (6th Cir.2012); *Kumar v. U.S. Bank Nat'l Ass'n*, No. 12–cv–12624, 2013 WL 783999, at *2 (E.D.Mich. Mar. 1, 2013); *Costell v. Bank of New York Mellon*, No. 12–cv–15063, 2013 WL 317746, at *3 (E.D.Mich. Jan. 28, 2013) ("The commencement of legal proceedings prior to the expiration of the redemption period does not preserve a mortgagor's standing to challenge the foreclosure sale"); *Allor v. Federal Home Loan Mort. Corp.*, No. 12–12290, 2012 WL 5265738, at *2 (E.D.Mich. Oct. 24, 2012); *Sylvester v. Fannie Mae*, No. 12–13186, 2012 WL 4694348, at *2 (E.D.Mich. Oct. 3, 2012) ("that Plaintiff filed her suit before the redemption period expired does nothing to advance her claims"); *Chungag v. Wells Fargo Bank, N.A.*, No. 12–11073, 2012 WL 1945483, at *4 (E.D.Mich. May 30, 2012);

*Duff v. Federal Nat'l Mort. Ass'n*, No. 11–cv–12474, 2012 WL 692120, at *3 (E.D.Mich. Feb. 29, 2012); *Luster v. Mortgage Elec. Reg. Sys.*, No. 11–CV–14166, 2012 WL 124967, at *2 (E.D.Mich. Jan. 17, 2012).[2]

The Sixth Circuit has held in several unpublished decisions that the Michigan "holdings 'do[ ] not turn on [the] standing doctrine[ ]'" but that it is "more accurate to say that the 'fraud or irregularity' claims in *Overton, Awad,* and *Mission of Love* lacked sufficient merit to meet the high standard imposed by Michigan law on claims to set aside a foreclosure sale." *El–Seblani v. IndyMac Mort. Servs.*, 510 Fed. Appx. 425, 429–30 (6th Cir.2013) (citing *Houston v. U.S. Bank Home Mort. Wisc. Serv.*, 505 Fed.Appx. 543, 547–48 (6th Cir. 2012)). The high standard referred to by the Sixth Circuit is "whether [the plaintiff] made a sufficient showing of 'fraud or irregularity' in connection with the sheriff's sale of his home to 'undo the divestment of [his] property.'" *El–Seblani*, 510 Fed. Appx. at 429; *Houston*, 505 Fed.Appx. at 548–49.

More recently, the Sixth Circuit has explained in a published opinion that "[w]hether the failure to make this showing is best classified as a standing issue or a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period." *Conlin v. MERS*, 714 F.3d 355, 359–60 (6th Cir.2013). Finally, the Sixth Circuit has emphasized that any alleged fraud or irregularity " 'must relate

---

2. *But see Ahmad v. Wells Fargo Bank, N.A.*, 861 F.Supp.2d 818, 823–24 (E.D.Mich. Mar. 19, 2012) (disagreeing with cases finding that plaintiffs lack standing after redemption period expires because plaintiffs are the last owner and possessor of the property and often remain in possession of the property notwithstanding any sheriff's sale, which should satis-fy the injury-in-fact requirements for standing, but ultimately concluding that the "court does not need to resolve Plaintiffs' standing ... because, even assuming they have such standing, their claims are still subject to dismissal ...."); and *Moss v. Wells Fargo Bank, N.A.*, No. 11–13429, 2012 WL 1050069, at *3–4 (E.D.Mich. Mar. 28, 2012).

to the foreclosure procedure itself.'" *Conlin,* 714 F.3d at 360 (citation omitted).

### b. Application

Here, the only defect or irregularity implicitly cited by Plaintiffs are the allegations made in their responsive brief that Defendant violated various statutes. Plaintiffs cite the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g), the Home Affordable Modification Program, 12 U.S.C. § 5201, *et seq.,* and Mich. Comp. Laws § 600.3205(a). (Doc. 13 at 1–2.) Plaintiffs also contend that "Defendant(s) violated MCL 750.248(4) and MCL 750.249(3) by filing a fraudulent Sheriff Deed and stating no way could Plaintiff(s) get a loan Modification because there if was [sic] no valid loan to modify this is a genuine issue of material fact." (Doc. 13 at 5.) Plaintiffs also refer to "MCL 2.14(c)" with respect to the form of the sheriff's deed. (*Id.* at 4.)

I suggest that none of Plaintiffs' allegations or references to code sections establish a defect or irregularity in the foreclosure process sufficient to provide standing under Michigan law to have the foreclosure set aside after the lapse of the redemption period. Plaintiffs have not challenged the fact that they defaulted, that foreclosure by advertisement proceedings were properly commenced, that Defendant purchased the subject property on January 27, 2012, and that no attempts at redemption were made by Plaintiffs during the statutory redemption period of one year, i.e., through January 27, 2013. (Doc. 9 at 12–13; Ex. 4.) Instead, Plaintiffs appear to rely on the mere fact that they were not provided with a loan modification under the HAMP. However, "HAMP imposes no duty on [a] mortgage lender to modify [a] mortgage even if the borrower meets modification requirements." *Duff v. Federal Nat'l Mort. Ass'n,* No. 2:11–cv–12474, 2012 WL 692120, at *5 (E.D.Mich. Feb. 29, 2012); *accord Dixon v. Wells Fargo Bank,* *NA,* No. 12–10174, 2012 WL 4450502, at *9 (E.D.Mich. Sept. 25, 2012). Therefore, a failure to provide a loan modification does not create a defect or irregularity in the foreclosure process that would allow the foreclosure to be set aside. *See Fannie Mae v. Mandry,* No. 12–13236, 2013 WL 687056, at *7–8 (E.D.Mich. Feb. 26, 2013).

### 3. Prejudice Under Michigan Law

I further suggest that even if there had been a defect or irregularity in the notice of the foreclosure or the foreclosure proceeding itself, any such defect would have rendered the foreclosure voidable and not void. *See Kim v. JPMorgan Chase Bank, N.A.,* 493 Mich. 98, 118, 825 N.W.2d 329 (2012) ("we hold that defects or irregularities in a foreclosure proceeding result in a foreclosure sale that is voidable, not void *ab initio*"); *Jackson Inv. Corp. v. Pittsfield Prod., Inc.,* 162 Mich.App. 750, 755, 413 N.W.2d 99, 101 (1987) ("A defect in notice renders a foreclosure sale voidable and not void."); *Mitan v. Fed. Home Loan Mort. Corp.,* 703 F.3d 949, 952 (6th Cir. 2012) ("Notice defects render a foreclosure voidable."). Since the sale is voidable, plaintiffs "must show that they were prejudiced by defendant's failure to comply with MCL 600.3204," i.e., "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Kim,* 493 Mich. at 118, 825 N.W.2d 329.

Federal case law has consistently held that where plaintiffs have admitted default, received notice of default, failed to show they had the funds to outbid the highest bidder at the sale, let alone pay the entire unpaid balance owing on the loan, and showed no attempt to redeem the property, they cannot show how any alleged defects in the notice prejudiced them. *See, e.g., Harrison v. Bank of America, N.A.,* No. 12–cv–12281, 2013 WL

440163, at *4 (E.D.Mich. Jan. 17, 2013); *Elson v. Deutsche Bank Nat'l Trust Co.,* No. 11–14100, 2012 WL 1902916, at *6 (E.D.Mich. May 25, 2012); *Piccirilli v. Wells Fargo Bank, N.A.,* No. 2:11–cv–10264, 2012 WL 1094333, at *7 (E.D.Mich. Mar. 30, 2012); *Caillouette v. Wells Fargo Bank, N.A.,* No. 11–cv–10204, 2012 WL 1033598, at *8 (E.D.Mich. Mar. 27, 2012).

I suggest that Plaintiffs in the instant case suffer from the same failure: they have not sufficiently alleged prejudice. Here, Plaintiffs have not challenged the fact that they defaulted on the loan, nor have they contended that they were not aware that the property was scheduled for foreclosure sale. In addition, Plaintiffs have not alleged that they ever attempted to redeem the property, and they have not alleged that they had sufficient funds to outbid the highest bidder at the sale, let alone pay off the entire loan. Thus, even if they could show some defect in notice, I suggest that they cannot show prejudice and cannot receive the relief they request, i.e., "[r]eturn the property to its rightful owner, and double its value of Five Hundred Eight Thousand, Sixty Five Dollars and zero cents for defending the fraudulent action and Void the Sheriff's Deed and Sale." (Doc. 1 at 7.) I therefore suggest that Defendant's motion to dismiss be granted based on Plaintiff's lack of standing (or failure to meet the requirements of fraud or irregularity) and failure to aver the prejudice necessary to render any defect or irregularity voidable.

#### 4. Merits of Plaintiffs' Claims

Even if Plaintiffs have standing, I suggest that they have not stated a claim upon which relief could be granted. I therefore suggest that Defendant's motion to dismiss should be granted on the merits.

#### a. FDCPA

■ The FDCPA provides that "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another ... which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6). Thus, "a creditor is not a debt collector under the FDCPA ... [n]or is the assignee of a debt that was not in default at the time it was assigned." *Joyner v. MERS,* 451 Fed.Appx. 505, 507 (6th Cir.2011) (citations omitted). This provision is based on the premise that "[a]n entity that acquires a current, non-defaulted debt in order simply to continue servicing it 'is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector.'" *Sullivan v. OcWen Loan Servicing, LLC,* No. 08–cv–02079, 2009 WL 103681, at *2 (D.Colo. Jan. 14, 2009) (citations omitted) (holding that where the defendant obtained a non-defaulted debt under the mistaken belief that the debt was in default, and where the defendant's subsequent collection activities were based on that mistaken belief, the defendant was a debt collector for purposes of the FDCPA).

■ Plaintiffs bear the burden of establishing that Defendant is a debt collector. *Golliday v. Chase Home Finance, LLC,* 761 F.Supp.2d 629, 635 (W.D.Mich. 2011). I suggest that Plaintiffs in the instant case cannot meet that burden. Defendant RBS Citizens acquired the mortgage interest from CCO Mortgage Corporation via merger on September 1, 2007, rather than through an assignment. (Doc. 9 at Ex. 3.) At least one circuit court has held that when a defendant company ac-

quires a debt though its merger with a previous creditor of the plaintiff rather than via a specific assignment, the debt was not "obtained" while it was in default; thus, the defendant company is not a debt collector under the FDCPA. *Brown v. Morris,* 243 Fed.Appx. 31, 34 (5th Cir. 2007) ("ABN AMRO, a mortgage company, was not specifically assigned Brown's mortgage for debt-collection purposes. Rather, ABN AMRO acquired it through its merger with Brown's previous mortgage company. Accordingly, ABN AMRO did not 'obtain' her mortgage while it was in default" and ABN AMRO was therefore "not an FDCPA debt collector").[3]

I suggest that the Fifth Circuit's analysis is supported by the rationale behind the exemption and the law regarding mergers, and thus should be followed. Like the entity "that acquires a current, non-defaulted debt in order simply to continue servicing it" is "acting much like the original creditor that created the debt," Defendant, via the merger, acquired all the assets and debts of BAC Home Loans Servicing and is therefore "much like" the original creditor. *Sullivan, supra.* After a merger, the resulting entity is the "receiving association," which "shall be deemed to be the same corporation as each bank or banking association participating in the merger." 12 U.S.C. § 215a(e). Consequently, after a merger with a creditor bank, the surviving corporation is not only "much like" the original creditor, it *is* the original creditor. Thus, since Defendant was attempting to collect a debt originally owed to CCO Mortgage Corporation after these entities merged, it should not be considered a debt collector. *See Sprague v. Neil,* No. 1:05–CV–1605, 2007 WL 3085604, at *3 (M.D.Pa. Oct. 19, 2007)

("By way of merger ... Citibank assumed all rights and property, including Plaintiff's debt, as its own and thus stands in the shoes of the previous two banks[;] ... it was not collecting a debt owed to a third party as a debt collector.").

Accordingly, I suggest that Defendant should not be considered a debt collector within the meaning of the FDCPA and that Defendant's motion to dismiss should be granted as to this claim.

**b. HAMP**

HAMP does not create a private cause of action under which a plaintiff may seek relief. *Meyer,* 2012 WL 511995, at *6; *Brown v. Bank of New York Mellon,* No. 1:10–cv–550, 2011 WL 206124, at *2 (W.D.Mich. Jan. 21, 2011) (collecting cases). Accordingly, I suggest that Defendant's motion to dismiss should be granted as to any claim purportedly brought under HAMP.

**c. REMIC**

 Plaintiffs also allege a "violation of REMIC LAW which is a Tax Violation under the IRS ..." and that Defendants "have bifurcated Plaintiff's Note and Mortgage thereby breaking the chain of title...." (Doc. 1 at 5–6.) The statute in question provides that

[e]very disposition of lands, whether by deed or devise, hereafter made, except as otherwise provided in this chapter, shall be directly to the person in whom the right to possession and the profits shall be intended to be vested, and not to any other, to the use of, or in trust for, such person; and if made to 1 or more persons, in trust for, or to the use of another, no estate or interest, legal or equitable, shall vest in the trustee.

---

**3.** This result would not be altered even if, at the time of the merger, Plaintiffs were already in default. (Doc. 1; Doc. 17 at Ex. C.) *See Janke v. Wells Fargo & Co.,* 805 F.Supp.2d

1278, 1282 n. 2 (M.D.Ala.2011) (citing *Brown, supra* ). However, it appears that in the instant case, Plaintiffs were not in default at the time of the merger.

Mich. Comp. Laws § 555.5. I suggest that this statute is inapplicable. "[T]he statute does not apply to conveyances to existing trusts, ... rather it pertains to conveyances that purport to create trusts without trust duties." *Carmack v. Bank of New York Mellon*, No. 12–cv–11669, 2012 WL 2389863, at *3 (E.D.Mich. June 25, 2012). There is no allegation that any trust was created here, let alone that an inappropriate passive trust was created.[4] I therefore suggest that Defendant's motion to dismiss should be granted as to these claims.

### d. Fraud

Under Michigan law, a claim of fraud requires the plaintiff to prove: (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intent that the plaintiff rely upon it; (5) that plaintiff relied upon it; and (6) that the plaintiff suffered injury. *Hi–Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 247 N.W.2d 813, 816 (1976). " 'There is no fraud where means of knowledge are open to the plaintiff and the degree of their utilization is circumscribed in no respect by defendant.' " *Aron Alan, L.L.C. v. Tanfran, Inc.*, 240 Fed. Appx. 678, 682 (6th Cir.2007) (quoting *Webb v. First of Mich. Corp.*, 195 Mich. App. 470, 491 N.W.2d 851, 853 (1992)).

■■■ I suggest that Plaintiffs have not alleged facts that could satisfy the elements of a fraud claim. I therefore suggest that Defendant's motion to dismiss the fraud claims should be granted.[5]

I further suggest that Plaintiffs' fraud claims should also be dismissed for failure to meet the special pleading requirements under Rule 9(b) of the Federal Rules of Civil Procedure. Under this rule, a plaintiff must: "(1) specify the statements that [they] contend [ ] were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir.2008).

Plaintiffs' complaint does not specify any statements at all, let alone when or where they were made. I therefore suggest that Rule 9(b) requires the grant of Defendant's motion to dismiss Plaintiffs' fraud claims. *See Jarbo v. BAC Home Loan Servicing*, No. 10–12632, 2010 WL 5173825, at *11–12 (E.D.Mich. Dec. 15, 2010) (finding that the plaintiff's complaint failed to meet specificity requirements under Rule 9(b) for a fraud claim where it merely alleged that the defendants inflated various figures on the loan application but did not refer to any statements made).

### e. Fair Credit Reporting Act

The purpose of the FCRA is to require that "consumer reporting agencies adopt

---

**4.** Passive trusts are those "where the trustee has no duties, and merely holds title for the beneficiary[;]" thus, legal title is vested in the beneficiary or holders of the trust. *Yousif v. Bank of New York Mellon*, No. 12–12507, 2012 WL 2403472, at *3 (E.D.Mich. June 26, 2012) (citations omitted). On the other hand, Michigan law has held that a trust is "active" where "the trustee is obligated to collect income from lands and pay the proceeds over to the beneficiaries." *Id.* (citations omitted). Where a defendant "holds title to the property and is required to disburse proceeds to the investors holding pass-through certificates[,]"

[t]he court [should] conclude[ ] that the trust ... is not a passive trust barred by Michigan Compiled Laws § 555.5." *Id.*

**5.** I also note that "Plaintiff's fraud claims, which sound in tort, are precluded by the rule that prevents pursuing a tort remedy when the parties' relationship is governed by a contract." *Meyer v. Citimortgage, Inc.*, No. 11–13432, 2012 WL 511995, at *9 (E.D.Mich. Feb. 16, 2012) (citing *Sherman v. Sea Ray Boats, Inc.*, 251 Mich.App. 41, 649 N.W.2d 783 (2002)).

reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The Sixth Circuit has held that consumers may file actions pursuant to sections 1681n and 1681o of the FCRA, claiming that furnishers of information have violated section 1681s–2. *Boggio v. USAA Federal Savings Bank,* 696 F.3d 611, 615 (6th Cir.2012). Section 1681s–2 requires a furnisher to "conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s–2(b)(1)(A). Our circuit also "join[ed] every circuit to have addressed this duty in holding that the investigation an information furnisher undertakes must be a reasonable one." *Boggio,* 696 F.3d at 616. The Sixth Circuit then considered cases discussing how thorough an investigation must be to be considered reasonable.

The *Boggio* court cited *Johnson v. MBNA Am. Bank,* 357 F.3d 426, 429–31 (4th Cir.2004), which held that "electronically confirming only a name and address—as opposed to 'consult[ing] underlying documents, such as account applications'—was unreasonable when the furnisher had received information from the CRA explaining that its consumer was disputing her status as a co-obligor on her husband's debt." *Boggio,* 696 F.3d at 617. The Sixth Circuit contrasted *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1159–61 (9th Cir.2009), where summary judgment was properly granted in favor of the furnisher because, " 'unlike in *Johnson,* [the furnisher] had—albeit earlier—gone

outside its own records to investigate the allegations contained in the CRA notice.' " *Boggio* at 617.

■■■■ There are no allegations in the instant case that Defendant RBS Citizens acted as a furnisher of credit information to a credit reporting source, nor is there any allegation that Plaintiff submitted a dispute that would trigger any duty on the part of Defendant RBS Citizens to investigate. I therefore suggest that these claims be dismissed. *See Reschke v. CitiMortgage, Inc.,* No. 11–12639, 2013 WL 625755, at *5 (E.D.Mich. Feb. 20, 2013) (dismissing FCRA claim based on mortgage foreclosure where the plaintiffs did not allege that the "defendants furnished credit information to anyone").

### f. Due Process

Defendant contends that any due process claims must fail because "Defendant is not a state actor whose conduct is subject to the Due Process Clause." (Doc. 9 at 32.) I suggest that Defendant is correct and that this claim must also be dismissed. *See Johnson v. Rodrigues,* 293 F.3d 1196, 1201 (10th Cir.2002) ("it is beyond cavil that in order to prevail [on a due process claim], the United States Constitution requires activity by a state"); *accord Colbert v. Federal Nat'l Mortgage Ass'n,* No. 12–13844, 2013 WL 1629305, at *13 (E.D.Mich. Apr. 16, 2013) (finding Fannie Mae was not a state actor and dismissing due process claim).

### g. Truth in Lending Act

Under TILA, any private cause of action must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The instant complaint was filed on June 28, 2013. (Doc. 1.) [6] The instant mortgage was entered

---

**6.** Even if the dates from the earlier filed cases were used, the result would be the same.

Eastern District Case No. 1:13–cv–11025 and

into with CCO Mortgage Corporation on October 21, 2005 (Doc. 1 at Ex. B, Pg ID 12) and on September 1, 2007, Defendant RBS Citizens, N.A., became the successor by merger of various banking institutions. (Doc. 9 at Ex. 3.) It is unclear what Plaintiffs intended to allege under this statute, but I note that every relevant date renders the allegations far outside the one-year limitation period. Since Plaintiffs' action falls outside the one year limitations period, I suggest that Defendant's motion to dismiss any TILA claim should be granted.

### h. Various Other Statutes

In their responsive brief, Plaintiffs cite to other statutes. Even assuming these citations could be considered claims, I suggest that none of them would provide a claim upon which relief could be granted.

Section 750.248 of Michigan Compiled Laws is the criminal code section for felony alteration, forgery, or counterfeit of certain public records, but it does not contain a subsection (4), as alleged by Plaintiffs. (Doc. 13 at 5.) In addition, this section does not create a private civil cause of action. *Lucido v. Apollo Lanes & Bar, Inc.*, 123 Mich.App. 267, 271–72, 333 N.W.2d 246 (1983) (where criminal statute does not specifically create a cause of action, none exists) (cited with approval in *Loud v. Lee Township Election Comm'n*, No. 295836 and 298811, 2011 WL 4104956, at *5 (Mich.Ct.App. Sept. 15, 2011)).

Plaintiffs also cite Mich. Comp. Laws § 750.249(3), which is the criminal code section for the felony of uttering and publishing a false, forged, altered or counterfeit record, but it does not contain a subsection (3). Nor does this section create a private civil cause of action. *Lucido, supra.*

Finally, Mich. Comp. Laws § 2.14 is the code section that designates the painted turtle (Chrysemys picta) as the official reptile of the State of Michigan, but it does not contain a subsection (c) as alleged by Plaintiffs. Even if it did, it is difficult to imagine how this statute could be relevant to the instant action. Nor does this section create a civil, private cause of action. *Lucido, supra.*

### 5. *Rooker–Feldman* and *Res Judicata*

 Defendant contends that the *Rooker–Feldman* doctrine and *res judicata* principles require dismissal. I suggest that these doctrines do not apply on the instant facts. Pursuant to the *Rooker–Feldman* doctrine, this Court has no power to overturn state court judgments. The Sixth Circuit has explained the foundation of the *Rooker–Feldman* doctrine as follows:

> The doctrine originates from two Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In both cases the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414–15, 44 S.Ct. 149. In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478–79, 103 S.Ct. 1303. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appel-

1:13–cv–11903 were filed in March and April of 2013, respectively.

late jurisdiction over state court decisions. *See Rooker,* 263 U.S. at 414–15, 44 S.Ct. 149; *Feldman,* 460 U.S. at 478–79, 103 S.Ct. 1303. *Coles v. Granville,* 448 F.3d 853, 857 (6th Cir.2006). Lower federal courts also lack jurisdiction to review any federal claims that are "inextricably intertwined" with a state court's decision. *See Feldman,* 460 U.S. at 486–87, 103 S.Ct. 1303. A plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that the state court wrongly decided the issues before it. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir.1998) (" 'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.' ") (quoting *Keene Corp. v. Cass,* 908 F.2d 293, 296–97 (8th Cir.1990)).

■ Defendant notes that on February 19, 2013, Defendant filed an action in the 70th District Court for the State of Michigan to gain possession of the subject property. (Doc. 9 at Ex. 5.) After a hearing, the 70th District Court entered a judgment of possession in favor of Defendant. (Doc. 9 at Ex. 6.) On March 5, 2013, Plaintiffs appealed to the 10th Circuit Court for the State of Michigan, i.e., Saginaw County Circuit Court, and on that same day, the court stayed the judgment of possession. (Doc. 9 at 13, Ex. 7–9.) Although Defendant's brief stops there, a review of the docket for the Circuit Court for the County of Saginaw reveals that this appeal from District Court is under advisement as of July 17, 2013. (Saginaw County Circuit Court Case No. 13–019053.)[7] Since there is no state court judgment that Plaintiffs could even conceivably be attempting to appeal or declare null and void, I suggest that *Rooker–Feldman* does not apply and

does not provide an alternative basis for granting the motion to dismiss.

■ *Res judicata* is based on the policy that there be an end to litigation, that parties who have contested an issue be bound by the result of the litigation and the court's decision, and that matters once adjudicated shall be considered forever settled as between the parties. *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). *Res judicata* consists of issue and claim preclusion. Issue preclusion, or collateral estoppel, refers to the effect of a court's judgment foreclosing relitigation of an issue that has been litigated and decided; claim preclusion refers to the effect of a court's judgment in foreclosing further litigation of a claim that has never been actually litigated by the parties and decided by a court, but which could have been advanced and litigated by the party in the earlier lawsuit. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In the instant case, Defendant has raised the issue preclusion form of *res judicata.* (Doc. 5 at 8.)

■ Issues are precluded from being relitigated under *res judicata* where: (1) a final decision was made on the merits by a court of competent jurisdiction; (2) the subsequent action involves the same parties or their privies; (3) the issue in the subsequent action was litigated or should have been litigated in the prior action; and (4) there is an identity of the causes of action. *Bragg v. Flint Bd. of Educ.,* 570 F.3d 775, 776 (6th Cir.2009).

■ In the instant case, since there has been no prior decision, even if the parties and issues are the same, I suggest that *res judicata* does not preclude the

---

7. *See* http://www.saginawcounty.com.

instant action. I therefore suggest that Defendant's motion to dismiss should not be granted upon this ground.

### E. Conclusion

For the reasons stated above, I suggest that Defendant's motion to dismiss should be granted. Since I suggest that Plaintiffs' Complaint fails to state a claim upon which relief could be granted, I also suggest that Plaintiffs' motion for preliminary injunction be denied.

## III. *REVIEW*

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed.R.Civ.P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Dated: September 18, 2014.