*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DESTINEE PETTIS,

        Plaintiff-Appellant,

v

FLAGSTAR BANK FSB,

        Defendant-Appellee.

UNPUBLISHED
October 14, 2024
9:23 AM

No. 368263
Macomb Circuit Court
LC No. 2023-001322-CH

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

In this foreclosure action in which plaintiff seeks to set aside a foreclosure sale, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(8). We affirm.

## I. BACKGROUND

This case involves residential real property in Warren, Michigan (the property). In 2019, plaintiff obtained a mortgage from defendant and purchased the property. On December 3, 2021, plaintiff submitted a loss-mitigation application to defendant, claiming she was suffering from short-term hardship related to the COVID-19 pandemic. On July 7, 2022, plaintiff submitted a second loss-mitigation application, claiming the same hardship.

The parties dispute whether defendant accepted plaintiff's request for loss mitigation, but because the trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8), we accept the assertions in plaintiff's complaint as true for purposes of this appeal. See *Anzaldua v Neogen Corp*, 292 Mich App 626, 630; 808 NW2d 804 (2011). According to plaintiff's complaint, defendant "accepted or should have accepted and approved Plaintiff's COVID-19 Loan Modification." On October 28, 2022, a sheriff's sale of the property took place, and a sheriff's deed was granted to defendant. Plaintiff did not redeem the property within the six-month redemption period.

-1-

Plaintiff filed a complaint against defendant for quiet title; "breach of request for COVID-19 loss mitigation options"; and "breach of request for COVID-19 loan modification."[1] For each count, plaintiff alleged that defendant illegally engaged in "dual tracking"[2] and wrongfully proceeded with the sheriff's sale without "allow[ing] Plaintiff to complete the COVID-19 Loan Modification." After each count, plaintiff requested that the court grant plaintiff "legal title" to the property.

In lieu of filing an answer, defendant moved for summary disposition under MCR 2.116(C)(8), arguing that plaintiff lacked standing to challenge the foreclosure because the redemption period expired, and plaintiff failed to show any fraud or irregularity in the foreclosure proceeding. The trial court agreed and granted defendant's motion for summary disposition.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition. *Ernsting v Ave Maria College*, 274 Mich App 506, 509; 736 NW2d 574 (2007). Defendant moved for summary disposition under MCR 2.116(C)(8). As this Court has explained:

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of a complaint; a court considers only the pleadings when deciding a motion brought under this section. For purposes of reviewing a motion for summary disposition under MCR 2.116(C)(8), all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possible justify recovery. [*Ernsting*, 274 Mich App at 509 (quotation marks and citations omitted).]

---

[1] Plaintiff also filed "claims" for "declaratory relief" and "injunction and other relief," but contends in her brief on appeal that only the "three counts" identified above are "at issue" on appeal. Regardless, it is apparent that plaintiff's requests for injunctive and declaratory relief relate directly to plaintiff's claim for quiet title. Plaintiff's request for declaratory relief asked the trial court to declare her rights and interests in the property. Plaintiff's request for injunctive relief asked the trial court to stay the six-month redemption period.

[2] "Dual tracking refers to a common tactic by banks that institute foreclosure proceedings at the same time that a borrower in default seeks a loan modification." *Kloss v RBS Citizens, NA*, 996 F Supp 2d 574, 585 (ED Mich, 2014). "The result is that the borrower does not know where he or she stands, and by the time foreclosure becomes the lender's clear choice, it is too late for the borrower to find options to avoid it." *Id*. (quotation marks and citation omitted).

III. ANALYSIS

The trial court did not err by granting summary disposition under MCR 2.116(C)(8) because plaintiff failed to state a claim upon which relief could be granted.

"Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months." *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). Under MCL 600.3236, the purchaser at a foreclosure sale who obtained a sheriff's deed is vested with all the rights, title, and interest in the subject property unless redeemed by the mortgagor during the statutory redemption period. See *Bryan*, 304 Mich App at 713. "If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." *Id*. See also *Piotrowski v State Land Office Bd*, 302 Mich 179, 187-188; 4 NW2d 514 (1942). In other words, if a plaintiff fails "to redeem the property within the applicable time," the plaintiff loses standing to bring a quiet title action. *Bryan*, 304 Mich App at 715. While Michigan law does not allow an equitable extension of the statutory redemption period, a foreclosure by advertisement may be set aside if the plaintiff establishes fraud or irregularity in the foreclosure proceedings that prejudiced the plaintiff. See *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115-116; 825 NW2d 329 (2012); *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014); *Great Lakes Prop Mgmt Consultants, Inc v HP Foreclosure Solution, LLC*, ___ Mich App ___; ___ NW3d ___ (2023) (Docket No. 363746); slip op at 11.

On appeal, plaintiff does not take issue with the trial court's conclusion that she failed to redeem the property before the redemption period expired. Therefore, for her claims for quiet title to survive, they must allege fraud or irregularity in the foreclosure proceedings. While plaintiff's complaint is not a model of clarity, it is clear that plaintiff's complaint sought quiet title of the property on the basis of her assertions that defendant proceeded with foreclosure proceedings despite dual-tracking violations and failing to "allow[] Plaintiff to complete the COVID-19 Loan Modification."

Plaintiff does not clearly argue on appeal that her allegation that defendant committed a dual-tracking violation constituted an allegation of fraud or irregularity in the foreclosure proceedings allowing her claims to proceed. But even if she did make that argument, it would not warrant relief. In *Kloss v RBS Citizens, NA*, 996 F Supp 2d 574, 585 (ED Mich, 2014), the federal district court correctly explained that a dual-tracking violation relates "to the loan modification process rather than the foreclosure process."[3] A dual-tracking violation thus does not constitute fraud or irregularity in the foreclosure process.

Plaintiff primarily argues on appeal that she stated a valid claim based on her allegations that defendant failed to accept or honor her requested loan modifications. But defendant's failure to give plaintiff a loan modification does not relate to any fraud or irregularity in the foreclosure

---

[3] While not binding, lower federal court decisions may be persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

process, and defendant "has no legal obligation to provide a loan modification." *Id*. To the extent that plaintiff argues that defendant agreed to give plaintiff a loan modification and breached that agreement, plaintiff failed to attach a copy of the agreement to the complaint. MCR 2.113(C)(1) ("If a claim or defense is based on a written instrument, a copy of the instrument or its pertinent parts must be attached to the pleading and labeled according to standards established by the State Court Administrative Office."). The allegations in plaintiff's complaint, moreover, do not clearly state that such an agreement existed and defendant breached it; the complaint states, "That upon information and belief, Defendant accepted *or should have accepted* and approved Plaintiff's COVID-19 Loan Modification." (Emphasis added.) Accepting this allegation as true, it does not establish that defendant accepted and approved plaintiff's request for a loan modification, let alone that defendant breached a contract.

Affirmed.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien
/s/ Allie Greenleaf Maldonado